Schott v. Burton.

## SCHOTT and others *vs.* BURTON.

Although a lessee is estopped from denying that his lessor had title, so far as to authorize him to execute the lease under which he holds, yet where an action is brought upon the lease, not by the lessor but by those claiming to have succeeded to his rights under the lease, the plaintiffs are bound to establish, and the defendant has a right to controvert, their derivative title.

On the 11th of June, 1817, M., wife of R. L., being seised in fee of certain lands, in her own right, joined in a deed with her husband, reciting an intent to enable the grantors jointly during their joint lives, and R. L. alone after the decease of his wife if he should survive her, to settle or assure all or any part of such lands to and upon any child or children of M., by R. L. They then sold and conveyed the lands therein described to W. S., (a stranger,) his heirs and assigns, *in trust* to convey the same to R. L. his heirs and assigns, to be held by him and them for such uses and purposes and upon such trusts, as were specified in a certain indenture bearing even date therewith, from the said W. S. to R. L., intended to be executed immediately after the sealing and delivering of the said deed. W. S. immediately after the execution and delivery of said trust deed, executed a deed to R. L. by which, after reciting the deed to himself, and in consideration of the premises, and in pursuance of, and in execution of the said trusts so reposed in him, and for the further consideration of ten dollars, he granted and conveyed the same premises to R. L., his heirs and assigns, *in trust* for the use of such persons, for such estates and purposes, and upon such trusts, &c. as R. L. and his wife should from time to time direct, limit or appoint. On the 14th of June, 1817, R. L. and his wife, by a declaration of uses duly executed and acknowledged by them, limited, directed, declared and appointed that the said R. L. should stand and be seised of the said lands to the use of R. L. and his wife jointly, and their assigns for their joint natural lives, and to the sole use of the survivor for life. And after the death of the

Schott *v.* Burton.

longest liver, a portion of the premises, containing 25,000 acres, was to go to C. L. the daughter of the grantors, her heirs and assigns, and the residue of the lands to the other children of R. L. and M. his wife. And it was provided and declared that R. L. might, alone, make leases of the lands, or any part thereof, at any time, for any term not exceeding 21 years or three lives. On the 1st of May, 1841, R. L. claiming to be seised of the premises by virtue of the said deeds and declaration of uses, executed a lease of a part of the 25,000 acres limited to C. L., to the defendant for three lives. In an action brought after the death of R. L. and M. his wife and C. L. their daughter, by the heirs of C. L. against the lessee, for rent reserved in the last mentioned lease.; *Held* that the trust deed from R. L. and wife to W. S. could not take effect as a feoffment, there being no livery of seisin; that it was void as a bargain and sale, because there was no valuable consideration; and that it could not operate as a covenant to stand seised to the uses contemplated by the parties, because W. S., the grantee, was a stranger, and there was no consideration of blood or marriage between him and the grantors. And that the fact of his being merely the trustee for the relatives of the covenantors, for whose benefit he was acting, made no difference.

*Held also,* that no title passed from R. L. and wife to W. S., and consequently none could pass by the deed from W. S. to R. L. That these deeds, and the declaration of uses, made by R. L. and his wife, were all parts of the same transaction, and were to be construed together. And that they were ineffectual in divesting the title of Mrs. L., or in establishing a title by way of use, either in R. L. or in their daughter C. L., under whom the plaintiffs claimed as heirs at law.

*Held further,* that the declaration of uses was a mere declaration of intent, never effectuated by a conveyance. That the legal title continued in Mrs. L., and after her death it descended to her heirs, subject to the life estate of her husband as tenant by the curtesy.

And the defendant having covenanted to pay the rent to R. L., his heirs and assigns, and the heirs of Mrs. L. being his heirs; *Held* that the heirs of Mr. and Mrs. L. were the proper persons to bring the present suit; and that the declaration ought to show that they were made plaintiffs.

DEMURRER to plea. The action was covenant, upon a lease; the breach assigned being the non-payment of rent. The declaration alledged that on and before the 11th day of June, A. D. 1817, Margaret Maria, wife of Robert L. Livingston, late of the town of Clermont in the county of Columbia, since deceased, was seised in her own right in fee of certain lands, particularly described in the declaration; and being so seised thereof, they the said Robert L. Livingston and Margaret Maria his wife, by a certain deed of indenture then and there made, between them,

Schott *v.* Burton.

of the first part, and one William Slosson, of the second part, for the consideration particularly expressed in said deed of indenture, and with the intent, among other things, of enabling the said Robert L. Livingston and Margaret Maria his wife jointly, during their joint lives, and the said Robert L. Livingston alone, after the decease of his said wife, in case he should survive her, to settle or assure all or any part of the lands and premises in said deed of indenture described, to and upon any child or children which the said Margaret Maria then had or thereafter should have by the said Robert L. Livingston, did sell and convey the lands and premises particularly described in said deed of indenture, to the said William Slosson, his heirs and assigns. To have and to hold all and singular the said lands, tenements and premises with the appurtenances, unto the said William Slosson, his heirs and assigns *in trust*, by a good and sufficient deed in the law, to convey and assure all and singular the said lands, tenements and premises with the appurtenances, to the said Robert L. Livingston, his heirs and assigns, to be had and holden by him and them, to, for, and upon such uses, trusts, intents and purposes, as in and by a certain indenture bearing even date therewith, and intended to be made between the said William Slosson and the said Robert L. Livingston, and to be signed, sealed and delivered immediately upon and after the signing, sealing and delivery of the said deed of indenture, should be declared and expressed. And that the said William Slosson being so seised of the said lands, he on the day of, and immediately after the execution and delivery of the said deed of indenture, by a certain other deed of indenture, between him and the said William Slosson of the said first part, and the said Robert L. Livingston of the second part, after reciting therein the first named deed of indenture, in consideration of the premises, and in pursuance of, and in due execution of the said trusts so reposed in him, and for the further consideration of ten dollars to him in hand paid by the said Robert L. Livingston, did grant and convey the premises mentioned and described in said first named deed of indenture, unto the said Robert L. Livingston, his heirs and assigns. To have and to hold all and singular the

said lands, unto the said Robert L. Livingston, his heirs and assigns, in trust, among others, for and to the use and behoof of such persons, and to and for such estates and interests, and in such parts, shares and proportions, and upon such trusts as they the said Robert L. Livingston and Margaret Maria his wife jointly, by any deed or deeds, writing or writings under their hands and seals, and to be by them duly executed, attested and acknowledged in the form and manner required by law, to pass the estates of *femes covert*, should from time to time direct, limit or appoint the same or any part thereof. The declaration further alledged, that afterwards, and on or about the 14th day of June, A. D. 1817, by a certain indenture under the hands and seals of the said Robert L. Livingston and Margaret Maria his wife, commonly termed a declaration of uses, duly executed, attested and acknowledged by the said Robert L. Livingston and Margaret Maria his wife, in the form and manner required by law to pass the estates of *femes covert*; they the said Robert L. Livingston and Margaret Maria his wife, after reciting the two before mentioned deeds of indenture, did, by force and virtue of the said recited power and authority to them given or reserved as aforesaid, among other things, limit, direct, declare and appoint, that the said lands, tenements and premises, with their appurtenances, should from thenceforth be, go, remain and continue, and the said Robert L. Livingston and his heirs should stand and be seised of the said lands, tenements and premises, with the appurtenances, to and for such uses, trusts, intents and purposes, as were thereinafter in said indenture or declaration of uses mentioned or declared; that is to say, to the sole proper use and behoof of them the said Robert L. Livingston and Margaret Maria his wife jointly, and their assigns, for and during their joint natural lives; and in case the said Margaret Maria should survive the said Robert L. Livingston, then from and after his death, to the sole proper use and behoof of the said Margaret Maria and her assigns, for and during her natural life, without impeachment of waste; but in case the said Robert L. Livingston should survive his said wife, then from and after the death of the said Margaret Maria, to the sole use and behoof of

the said Robert L. Livingston and his assigns, for and during his natural life, and from and after the decease of the longer liver of them the said Robert L. and Margaret Maria his wife, then and from thenceforth as to the several and respective parcels of the said lands, in manner following; that is to say, all the said part and so much of great lot number four, of the Hardenburgh patent, whereof Robert R. Livingston died seised, containing 25,000 acres, to the only proper use and behoof of Cornelia Louisiana, the daughter of said Robert L. Livingston and Margaret Maria his wife, her heirs and assigns forever; and as to the other parts and portions of the said lands and premises set forth in said deeds of indenture, to the proper use and behoof of the several and respective children of the said Robert L. Livingston and Margaret Maria his wife, particularly specified in said declaration of uses. And it was in the said indenture or declaration of uses provided, declared and expressed among other things, that it should and might be lawful to and for the said Robert L. Livingston alone, at all times thereafter during his natural life, as well before as after the decease of the said Margaret Maria his said wife, by any deed or deeds, writing or writings under his hand and seal, to be by him duly executed, to make any lease or leases, of any part or parcel of the said lands, unto any person or persons, for any term or number of years not exceeding 21 years, or for any term for a life or lives not exceeding three lives, all of whom should be in being at the time of the making of such lease or demise, upon such terms and conditions, with such covenants and clauses, and for and upon such rents or reservations as he should think fit, any thing therein contained to the contrary notwithstanding. The declaration further alledged, that the said Robert L. Livingston being so seised of the part and portion of the aforesaid part of said great lot number four of the Hardenburgh patent, and clothed with such power and authority, under and by virtue of the said deeds of indenture and declaration of uses, afterwards, that is to say, on the first day of May, in the year 1841, by a certain indenture of lease then and there made between the said Robert L. Livingston of the first part and the said defendant of the second

part, the said Robert L. Livingston did demise, grant and to farm let unto the said defendant, his heirs and assigns, certain premises with the appurtenances particularly described in the said indenture of lease, being part and parcel of that part of said great lot number four of the Hardenburgh patent, whereof Robert R. Livingston died seised, situate in the town of Neversink, in the county of Sullivan, to have and to hold the said premises with the appurtenances unto the said defendant, his executors, administrators and assigns, for and during the lives of Polly Burton, daughter of said defendant, aged ten years, and William Burton, son of James Burton, aged eight years, and Amos Porter, son of Jedediah Porter, jr., aged four years, from the day before the date of the said indenture of lease ; yielding and paying therefor during the continuance of the said indenture of lease, yearly, unto the said Robert L. Livingston, his heirs and assigns, a certain yearly rent therein mentioned, the first payment to be made on the first day of May, A. D. 1842. That the defendant did in said indenture of lease, for himself, his executors, administrators and assigns, among other things, covenant, promise and agree to and with the said Robert L. Livingston, his heirs and assigns, that the said defendant, his executors, administrators and assigns, should and would pay to the said Robert L. Livingston, his heirs and assigns, the said yearly rent in the manner aforesaid, by virtue of which demise the defendant became and was seised of all and singular the said demised premises with the appurtenances in the said indenture of lease granted as aforesaid.

And the plaintiffs further alledged, that after the making of said declaration of uses by them, the said Robert L. Livingston and Margaret Maria his wife, that is to say, on the 8th day of March, A. D. 1818, she the said Margaret Maria departed this life without having in any manner altered, changed or impaired the said two deeds of indenture and declaration of uses, or either of them, as to the premises described in the said indenture of lease, but as to those premises leaving the said two deeds of indenture and the said declaration of uses in full force and effect, and leaving the said Robert L. Livingston, her said husband, and the said *Cornelia Louisiana and others*, her children, her

Schott *v.* Burton.

surviving.   That after the death of the said Margaret Maria, the said Cornelia Louisiana Livingston intermarried with one Charles G. Ridgeley, and by that marriage had children, viz. Margaret M. Ridgeley, Elizabeth A. Ridgeley and Cornelia A. Ridgeley, plaintiffs in this suit.   And that afterwards, that is to say, on the 21st day of March, A. D. 1830, the said Cornelia Louisiana departed this life, leaving the said Margaret M., Elizabeth A. and Cornelia A., her aforesaid children and only heirs at law her surviving.   That the said Robert L. Livingston departed this life on the 7th day of January, A. D. 1843, without having in any manner altered, changed or impaired the said two deeds of indenture and declaration of uses, or either of them, as to the premises described in the said indenture of lease, but as to those premises leaving the said two deeds of indenture and declaration of uses in full force and effect, upon which the said Margaret M., Elizabeth A. and Cornelia A., the children and heirs at law of the said Cornelia Louisiana, under and by virtue of said two deeds of indenture and declaration of uses, became seised and possessed of such demised premises, with the appurtenances, subject to the rights and interests of the aforesaid lessee, his heirs or assigns, under such indenture of lease ; and of the rents reserved thereout by virtue of said indenture of lease, and entitled to take and receive the said rents.   That the said Cornelia A. Ridgeley being so seised and possessed, on the 1st day of July, A. D. 1846, intermarried with St. George Croghan, [one of the plaintiffs,] and on the 9th day of July of the same year, the said Margaret M. Ridgeley, being so seised and possessed, intermarried with the said James Schott, jr. [another of the plaintiffs] by virtue of which respective marriages, the said St. George Croghan and James Schott, jr. acquired an interest in the said demised premises, and the rents and services reserved thereout, in right of their before mentioned wives respectively.

The declaration then alledged a breach, in the non-payment of rent accruing after the death of Robert L. Livingston, and due for the five years ending on 1st of May, 1848, amounting to $300.

The defendant, by his first plea insisted that the plaintiffs ought not to have or maintain their action against him, because

he alledged that the said Robert L. Livingston in the declaration named at the time of the demise to the said defendant, had nothing in the lands and tenements aforesaid, with the appurtenances whereof the said plaintiffs supposed the said demise to be made, concluding with a verification and prayer of judgment.

The plaintiffs demurred to this plea ; assigning the following causes of demurrer. *First*. That it denied the title of Robert L. Livingston, the original lessor, in the premises out of which the rent issues, when it appeared by the declaration that the demise was by deed. *Second*. That the defendant was by law estopped from denying the title of the said Robert L. Livingston, and the matter of such estoppel appeared on the face of the declaration. *Third*. That the said first plea concluded with a verification, when it should conclude to the country, and was in other respects informal, uncertain and insufficient.

The plaintiffs joined in demurrer.

*A. C. Niven*, for the plaintiffs. I. The declaration sets forth a title *by deed* in Robert L. Livingston, and a demise by him to the defendant by *indenture* of lease. The defendant therefore is estopped from denying the title of his lessor, or of the plaintiffs deriving title from such lessor. The principle is well settled and is in accordance with sound common sense, that a tenant shall not be permitted to deny the title of his landlord. This is the rule in *ejectment*. (*Jackson, ex dem. Bowne,* v. *Hinman,* 10 *John*. 292.) Nor of those deriving title from his landlord. (*Jackson, ex dem. Colton,* v. *Harris,* 5 *Wend*. 246. *Cowen & Hill's Notes to Phil. Ev. p.* 201. 3 *Barb. Sup. C. Rep.* 591.) It is also the rule in *debt* for rent of demised premises. (2 *Phil. Ev.* 61, 62, *and notes by Cowen & Hill. Chit. Pl.* 478.) If the defendant pleads specially that the plaintiffs had no estate in the premises, the plaintiff may reply the indenture and estop him. It is also the rule in *covenant*. In Chitty on Pleadings, page 483, it is said, "In covenant, the defendant is estopped from denying generally that the *lessor* of the plaintiff was seised as stated in the Narr." (*See also Chit. on Cont.* 7th *Am. ed. pp.* 332, 333.)

Schott *v.* Burton.

II. The plea, if good in substance, is bad because of an improper conclusion. The declaration of the plaintiffs, *inter alia,* sets forth a title to the premises out of which the rent grows, in Robert L. Livingston; the plea denies that Robert L. Livingston had any title in the premises. Here then is an issue, being an affirmative allegation on the part of the plaintiffs, and a denial thereof by the defendant. It should therefore have concluded to the country. (*See Chit. Pl.* 536 ; *Snyder et al.* v. *Croy,* 2 *John.* 428.)

*A. Taber,* for the defendant.

*By the Court,* PARKER, J. It is conceded by the defendant that the plea is bad. But he contends that the declaration does not show a right of action in the plaintiffs, and claims judgment upon that ground.

The defendant is estopped from denying that Robert L. Livingston had title so far as to authorize him to execute the lease made on the first day of May, 1841. It must be taken as established, therefore, that Livingston had the right to execute the lease, and for the full term of three lives. But as the suit is not brought by Livingston, but by those claiming to have succeeded to his rights under the lease, the plaintiffs are bound to establish, and the defendant has a right to controvert, their derivative title. (1 *Chit. Pl.* 482, 346. 1 *Saund.* 233, *note* 2. 1 *Stra.* 230. *Comyn's Digest, Pleader C.* 8 *Term Rep.* 488.) Though the defendant is not at liberty to deny his liability for rent on the lease, he has a right to know that the person calling on him for payment is the proper person to demand it.

It is alledged in the declaration and admitted by the demurrer, that on and before the 11th day of June, 1817, Margaret Maria, wife of Robert L. Livingston, was seised in her own right, in fee, of the premises in question ; and the plaintiffs claim title under a trust deed executed by Livingston and wife to William Slosson on the day last mentioned. That deed cannot be supported, on the allegations contained in the declaration. There was no livery of seisin, and it cannot therefore have effect

as a feoffment. The deed was void as a bargain and sale, because there was no valuable consideration; and it cannot operate as a covenant to stand seised to the uses contemplated by the parties, because Slosson was a stranger, and there was no consideration of blood or marriage between him and the grantors, and it makes no difference that Slosson was merely the trustee for the relatives of the covenantors for whose benefit he was acting. (1 *Leon. Rep.* 195. 1 *Co.* 154, *a.* 2 *Id.* 15. *Cro. C.* 529. 1 *Sid. Rep.* 25. 11 *John.* 337. 1 *Cowen,* 622.) The case of *Jackson* v. *Sebring*, (16 *John.* 515 *to* 528,) is conclusive on this point, and covers the whole ground.

No title passed, then, from Livingston and wife to Slosson; and consequently none could have passed by the deed from Slosson to Livingston. These deeds, and the declaration of uses made by Livingston and his wife, were all parts of the same transaction, and are to be construed together. (1 *John. Cas.* 95. 15 *John.* 463. 3 *Wend.* 233.) They were ineffectual in divesting the title of Mrs. Livingston, or in establishing a title by way of use, either in her husband or in their daughter Cornelia Louisiana, under whom the plaintiffs claim as heirs at law. The declaration of uses rested upon and was designed to give direction to, the title supposed to be conveyed by the deeds. No effect can be given to it standing alone. It does not purport to be a conveyance; nor is it a covenant that Mrs. Livingston shall stand seised. What is said on that subject, in the instrument, related to Mr. Livingston, who was then supposed to have the title under the deed from Slosson; whereas in fact he had only a contingent life estate as tenant by the curtesy. The declaration of uses was a mere declaration of intent, never effectuated by a conveyance. The legal title continued in Mrs. Livingston, and after her death it descended to her heirs, subject to the life estate of her husband as tenant by the curtesy.

The question here is not whether Robert L. Livingston had a right, while tenant by the curtesy, to execute a lease for three lives. The defendant is precluded from questioning his right, and the plaintiffs are seeking to enforce the lease, not to avoid it.

The defendant covenanted to pay the rent to Robert L. Livingston, his heirs and assigns, and it happens that the heirs of Mrs. Livingston are his heirs.    They are the proper persons to bring this suit, and the declaration ought to show that they are made plaintiffs.    It appears, however, affirmatively, by the declaration, that Cornelia Louisiana was not the only child and heir at law of Mr. and Mrs. Livingston.    And where it appears on the face of the pleadings, in an action on contract, that all the parties are not joined as plaintiffs, it is fatal on demurrer. (1 *Chit. Pl.* 7.)

The plaintiffs have failed to establish a derivative title by which they succeed to the rights of the lessor, under the lease in question, and there must be judgment for the defendant, with leave to the plaintiffs to amend on payment of costs.

[ALBANY GENERAL TERM, May 3, 1852.    *Watson, Parker,* and *Wright,* Justices.]