HIRAM LOSSEE, RESPONDENT, *v.* HALSEY ELLIS AND OTHERS, APPELLANTS.

*Agreement not under seal to convey lands — Covenant to stand seized — what consideration must exist for — When a contract is not enforceable by a stranger to the consideration thereof.*

One Lydia J. Noyes, who was the owner of a farm, entered into an agreement with her husband, by which she agreed that her husband should have the use of the farm during his life ; that upon his death, if she was then living, she should have the use of it for her life; and after the death of both, she agreed that one, Malvina Noyes, the child of her husband by a former wife, should have all the right and title of the said Lydia therein "in consideration of $200, in hand paid." The agreement was not sealed.

*Held,* that the instrument purported to be a contract between husband and wife, and was void at law.

That as it was not sealed it could not operate either as a conveyance or a covenant to stand seized.

That, even if it were sealed, it could not operate as a covenant to stand seized for the benefit of Malvina, as it was not founded on a consideration of blood or marriage; and she being a stranger to any pecuniary consideration therein mentioned, could not take advantage of or enforce it.

APPEAL from a judgment in favor of the plaintiff, entered upon a report of a referee, in an action brought for the foreclosure of a mortgage.

*F. W. Hubbard,* for the respondent.

*W. F. Ford,* for the appellants.

TALCOTT, J.:

This is an appeal from a judgment entered in favor of the plaintiff on the report of a referee.

The action is brought by the plaintiff, as the assignee of Lydia J. Noyes, of a bond and mortgage. The defense is, that the bond and mortgage was executed to Lydia J. Noyes as security for part of the purchase-money remaining unpaid on a sale by her of twenty-five acres of land in Jefferson county; and that the said Lydia, at the time of the sale and purchase, represented that she was the absolute owner, in fee simple, of the premises, and that the same were free and clear from incumbrance, which representations, it is alleged, were false and fraudulent, and made with intent to deceive and defraud the mortgagors. And the defendants claim to have the damages, incurred by the mortgagors by means of such false representations, set off or recouped against the amount due by the said bond and mortgage. The mortgagors are in possession of the land, and have never been evicted therefrom, and no attempt has been made to disturb their possession. The said Lydia J. Noyes conveyed with warranty.

The referee, by his findings of fact, negatives the fraud, and does not pass upon the question whether said Lydia J. Noyes had a good title or not; but the defendants insist that the finding of fact that the representations made by Mrs. Noyes were not fraudulent was contrary to the evidence, and that a new trial should be ordered for that cause.

The claim on the part of the defendants is, that, at the time of the conveyance, the said Lydia J. Noyes had only a life estate in the premises. And the following facts were proved, or are claimed by the defendants to have been proved: Lydia J. Noyes held a contract for the purchase of the premises in question from Loren Bush-

nell, by which it was agreed that, upon the payment of certain sums therein specified, at the times therein stated, Bushnell should convey to the said Lydia J. Noyes, in fee, the premises in question. While she held this contract, and when a portion of this money had been paid by her, she was induced by the solicitation of her then husband, Nathan Noyes, now deceased, to sign an instrument of the following terms, viz. :

"Articles of agreement between Nathan and Lydia Noyes, as follows, viz. : I, Lydia Noyes, agree to let Nathan Noyes have the use and control of my farm, situated in the town of Orleans, in the county of Jefferson, lying between the farm of Joseph M. Beckwith and Columbus Goodrich, containing twenty-five acres, to have the use of it during the life of the said Nathan Noyes, and after his decease, if the said Lydia Noyes is yet living, the use and control of the premises reverts back to her; and after the death of both of the above-named parties, the said Lydia hereby agrees that Malvina Noyes is to have all the said Lydia's right and title to the same by deed, in consideration of two hundred dollars in hand paid.

" Dated at Orleans the 19th day of June, 1850.

(Signed) " LYDIA J. NOYES.

" In presence of Joseph M. Beckwith."

The above instrument purports to have been proved by the subscribing witness, before a justice of the peace, on the 1st day of September, 1860, and to have been recorded in the office of the clerk of Jefferson county, in April, 1861.

The Malvina Noyes mentioned in the said instrument, now Malvina Forsyth, is a daughter of Nathan Noyes by a former marriage, and was at the time of the execution of the instrument living with her father and step-mother on the premises in question; and she testifies that the said instrument was delivered to her by her father and step-mother in the year 1861, when she left home to reside in Chicago. The claim of the defendants is, that the instrument in question created a title in the said Malvina after the lives of Nathan and Lydia J. Noyes, by way of covenant, to stand seized or otherwise, and that, consequently, the title conveyed to the mortgagors by Lydia J. Noyes was defective, and her representations that she had a good and unincumbered title were false and fraudulent.

After the making of the instrument hereinbefore recited, Bushnell, the vendor named in the contract of sale, conveyed the premises to Lydia J. Noyes in pursuance of the agreement.

It is claimed by the defendants that the plaintiff is not a *bona fide* purchaser for value.

The question then arises, whether Malvina Noyes, now Malvina Forsyth, acquired any title to or interest in the premises by virtue of the instrument in question, because, if she did not, then it is wholly immaterial whether the finding as to whether the representations of title, made by Lydia J. Noyes to the mortgagors at the time of the sale and purchase, were fraudulent or not?

The instrument purports to be a contract, by and between parties who were, at the making of it, husband and wife, and, therefore, was wholly void at law. The instrument does not purport to have been sealed; it is, therefore, neither a conveyance, as assumed by the counsel for the appellant, nor a covenant. (1 Rev. Stat. [2d ed.], p. 731, § 137; 4 Kent's Com., 450.)

It could not, in any form, operate as a covenant to stand seized for the benefit of Malvina, because it was not founded on the consideration of blood or marriage. Mrs. Noyes, the supposed grantor, was not connected by blood to Malvina, so that if the instrument of the 19th of June, 1858, had been in form a conveyance, which might have otherwise operated as a covenant to stand seized, it could not have so operated in the present case for want of the requisite consideration. (*Hayes* v. *Kershow,* 1 Sandf. Ch., 258; *Corwin* v. *Corwin,* 6 N. Y., 342; *Schott* v. *Burton,* 13 Barb., 173; *Rogers* v. *Eagle Fire Ins. Co.,* 9 Wend., 611; 4 Kent's Com., 493.)

At most, and without reference to the fact that the contract was between parties standing in the relation of husband and wife, and, therefore, void, the instrument was nothing more than an agreement to convey to Malvina the remainder by deed. Though the instrument recites a pecuniary consideration, if any was in fact paid, Malvina was a stranger to the consideration, and as to her, it was a mere voluntary agreement to make a future conveyance, of which, specific performance could not be enforced, according to the well-settled principles of courts of equity.

We are, therefore, of the opinion that the finding of the referee on the question of fraudulent intent on the part of Lydia J. Noyes,

PEOPLE ex rel. B'D OF EDUCATION v. HOOPER.   639

Fourth Department, April Term, 1878.

is wholly immaterial, and that for aught that appears in the case, Mrs. Noyes was, at the time of the conveyance by her, seized of an absolute estate in fee, in the premises which she conveyed, and to secure a part of the purchase-money unpaid on which, the bond and mortgage held by the plaintiff were given.

The judgment must be affirmed with costs of the appeal to be paid by the appellants.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.