## KELLEY v. OSBORN.

(Supreme Court, Appellate Division, First Department.   March 17, 1916.)

1. LANDLORD AND TENANT &#10132;68—RELATION—ATTORNMENT.
   Where defendant held under an unexpired lease subject to a mortgage which was later foreclosed, and paid rent to the receiver, and after foreclosure sale paid some rent to the mortgagee, there was an attornment and acceptance thereof, making defendant liable for removing from the premises before expiration of the term, which by the attornment became that of the old lease.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 158, 210–214; Dec. Dig. &#10132;68.]

2. APPEAL AND ERROR &#10132;854(2)—AFFIRMANCE—GROUNDS.
   A judgment for the proper party, though based on the wrong grounds, will be affirmed, on appeal, on the correct grounds.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3408–3410; Dec. Dig. &#10132;854(2).]

Appeal from Appellate Term, First Department.

Action by M. Edward Kelley against Samuel A. Osborn. From a judgment of the Appellate Term (92 Misc. Rep. 201, 155 N. Y. Supp. 451), reversing a judgment of the Municipal Court for plaintiff, he appeals. Judgment of Appellate Term reversed, and of Municipal Court affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, and SMITH, JJ.

M. E. Kelley, of New York City, for appellant.

Lester W. Eisenberg, of New York City, for respondent.

SCOTT, J.   The facts upon which this judgment rests are simple. Defendant was the lessee of certain property in the city of Brooklyn under a lease which would expire by its terms on May 1, 1915.   This lease was subject to a previously executed mortgage by the owner of the property to the present plaintiff.   That mortgage was foreclosed, and the plaintiff bought in the property.   The defendant had been in occupation during all the time of the foreclosure action, paying the rent to a receiver, and as soon as plaintiff took possession of the property or acquired title thereto, which was on July 2, 1913, he demanded from defendant the payment of the rent.   Defendant hesitated for some time, under advice of his counsel in consequence of a supposed claim of the receiver, but that was afterwards cleared up, and the defendant paid rent for the months of July, August, September, October, November, and December, 1915.   At the end of January he moved out, and has refused to pay the rent for the succeeding months between that time and May 1st, when the lease by its terms would expire.   The Municipal Court rendered judgment in favor of the plaintiff.   This judgment the Appellate Term reversed, and from its determination this appeal is taken.

[1] The undisputed facts present a typical case of an attornment, by which the tenant held from the new owner upon the same terms

&#10132;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as he previously held from the lessor. The act of attornment, evidenced by the payment of rent to the new owner and its acceptance by him, amounts to an acceptance of the new landlord by the tenant, and an acceptance of the tenancy by the landlord.

While it is true that under our present statutes the occasion seldom arises for the application of the doctrine of attornment (Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. Supp. 781; section 223, Real Property Law), still it yet survives in certain cases (O'Donnell v. McIntyre, 118 N. Y. 156–162, 23 N. E. 455), and one of these cases is that which is presented by the facts above stated. It is provided by section 224 of the Real Property Law (Consol. Laws, c. 50), that an attornment of a tenant to a stranger is absolutely void, except in three specified cases, one of which is where the attornment is "to a mortgagee, after the mortgage has become forfeited," and an attornment by the tenant to the purchaser at a foreclosure sale is within the statute. Simers v. Saltus, 3 Denio, 214. The whole subject of attornment was exhaustively examined in Austin v. Ahearne, 61 N. Y. 6, in which precisely the case here presented is cited as a typical case of an attornment, under which the tenant assumes the same relation to the purchaser at the foreclosure sale that he previously held to the mortgagor.

[2] The respondent is quite in error in claiming that we may not affirm the judgment upon other grounds from those given by the justice who rendered it. A correct decision will not be reversed on appeal merely because it was founded upon a wrong reason, if it can be seen that the ground of the decision has not misled a party to his injury. Ward v. Hasbrouck, 169 N. Y. 407, 62 N. E. 434. In the present case there are no disputed questions of fact, and it would be absurd to order a new trial.

The determination of the Appellate Term is reversed, and the judgment of the Municipal Court affirmed, with costs in this court and at the Appellate Term to the appellant. All concur.