Four Hundred Sixty-one Eighth Avenue Company, Inc., Respondent, *v.* Childs Company, Formerly Known as Childs' Unique Dairy Company, Appellant.

First Department, February 1, 1918.

**Election of remedies — prosecution to judgment of one remedial right — foreclosure — lease subordinate to mortgage — tenant as party defendant — prayer that lease be cut off is election of remedies and tenant not liable for rent — order of discontinuance of foreclosure action as to tenant and vacating judgment.**

The prosecution to judgment or decree of one remedial right constitutes a conclusive election and bars a subsequent prosecution of an inconsistent remedial right.

Where in an action to foreclose a mortgage upon property incumbered by a lease subordinate to the mortgage and having a long time to run, the tenant in possession is made a party defendant and judgment cutting off his lease is prayed for, there is an irrevocable election of remedies, and where the tenant immediately upon the entry of judgment vacates the premises, both the mortgagee which became the purchaser on the sale and foreclosure and the plaintiff, its grantee, which sues for rent on the theory that the lease was not cut off by said sale, are equitably estopped from insisting that said defendant be held to its lease.

An order discontinuing a foreclosure action and vacating the judgment therein entered, as against the tenant, who never resumed possession of the leased premises, was not effective to hold him for rent.

Appeal by the defendant, Childs Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of April, 1917, upon the decision of the court after a trial before the court without a jury.

*William A. Barber* of counsel [*Joseph Diehl Fackenthal* with him on the brief; *Barber, Watson & Gibboney,* attorneys], for the appellant.

*Frederick C. Tanner* of counsel [*Frederick C. Lawyer* with him on the brief; *Butcher, Tanner & Foster,* attorneys], for the respondent.

Scott, J.:

The action is for rent, and arises under peculiar conditions. The property affected consists of a store and basement of a

building in the city of New York, formerly occupied by the defendant under lease. It appears that on March 20, 1901, the then owner of the property mortgaged it to the Metropolitan Life Insurance Company, and on May 1, 1902, leased the store and basement to the defendant, or its predecessor in interest, for a term of twenty-one years. Both the mortgage and lease were duly recorded.

In December, 1913, while the foregoing lease was still outstanding and the defendant was in possession thereunder, the Metropolitan Life Insurance Company commenced an action to foreclose the above-mentioned mortgage, and made defendant a party defendant. The relief sought was in the usual form including *inter alia* a judgment that " the defendants [including the appellant] and all persons claiming under them subsequent to the commencement of this action may be barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises."

The plaintiff in that action had judgment as prayed for in the complaint, and a copy thereof was duly served upon the defendant. Thereupon the defendant discontinued its business, sold out its stock and fixtures, and vacated the premises. Subsequently the said plaintiff on notice to defendant and in spite of its opposition moved for an order " discontinuing the above entitled action, cancelling the said notice of pendency of said action and vacating the said judgment of foreclosure and sale " as against this defendant. This motion was denied at Special Term, but, on appeal, was granted by this court.* The defendant has never resumed possession of the leased premises, and it is not disputed that if it should be compelled to remain a tenant thereof and to resume business therein, it would have been subjected to a heavy loss.

On the foreclosure sale the property was sold and the deed delivered to the mortgagee, the Metropolitan Life Insurance Company, which on December 31, 1915, conveyed the property to this plaintiff. The present action is based upon the theory that defendant's lease was not cut off by the sale in foreclosure, and is for the rent reserved in that lease for the period after the Metropolitan Life Insurance Company acquired the

* See *Metropolitan Life Ins. Co.* v. *Hydrex Felt & Engineering Co.* (164 App. Div. 935).— [Rep.

First Department, February, 1918.    [Vol. 181.

property by the referee's deed on March 19, 1915, to and including the 1st · day of October, 1916, the life insurance company having assigned to plaintiff its claim for rent during the period that it owned the property.

The claim of the plaintiff is that the effect of the order discontinuing the action and vacating the judgment as to this defendant is precisely the same as if the defendant had never been made a party to the foreclosure action, and that if it had not been made a party its lease would not have been cut off and it would still have remained a tenant of the premises and liable to pay rent reserved in the lease. If the premise be accepted we think that the conclusion would logically follow. We had occasion to consider this question in *Commonwealth Mortgage Company* v. *De Waltoff* (135 App. Div. 33). In that case it appeared that the defendant held a lease of an apartment in a building which had been sold in foreclosure, but said defendant had not been joined as a party to the foreclosure action. In a summary proceeding by the purchaser in fore-closure, for non-payment of rent, it was contended by defend-ant that the conventional relation of landlord and tenant, essential in such a summary proceeding, did not exist between himself and the purchaser on foreclosure. In holding that such conventional relation did exist we used the following language: " The purchaser at a foreclosure sale of real prop-erty acquires all the right, title and interest of the mortgagor, subject to such valid liens and incumbrances as have not been cut off by the foreclosure. · He is in legal effect the grantee of the reversion and entitled to pursue any remedies that the mortgagor might have pursued if he had continued to be the owner." There is nothing inconsistent with this in *Kelley* v. *Osborn* (172 App. Div. 6). That was a case in which the tenant had been made a party to the foreclosure suit, but had remained in possession notwithstanding. He was held liable to pay rent, not because his lease had not been cut off by the foreclosure sale but because, by his acts after the sale, he was held to have made a new agreement with the purchaser by way of attornment. Everything decided in that case was entirely consistent with the following excerpt from the opinion in the *Commonwealth Mortgage Company*. case: " If the respondent had been made a party to the fore-

closure action, his lease being subsequent and subordinate to the mortgage, would have been annulled and his continuance in possession would have been unlawful. In that case the relation of landlord and tenant would not have been created between him and the purchaser (unless a new agreement were made), and summary proceedings could not have been resorted to."

If then the defendant had never been made a party to the foreclosure action, or if the order made after judgment eliminating it as a party creates precisely the same situation as if it had not been made a party in the first instance, the judgment appealed from is right and should be affirmed. This, however, was not the effect of the order.

There is a doctrine of the law which the plaintiff seems to have entirely overlooked, but which we consider applicable to the present case. That is the doctrine of the election of remedies. When the life insurance company, plaintiff's predecessor in title, came to foreclose its mortgage it found the property incumbered by a lease, subordinate to the mortgage and having a long term to run. There was then open to it two courses of action. It might make the lessee a party defendant to the foreclosure suit, and take judgment against it. In that case the purchaser at the foreclosure sale would have acquired the property freed from the lease and the relation of landlord and tenant would not exist between such purchaser and the lessee, unless a new agreement were made. Or it might have omitted to make the lessee a party defendant to the foreclosure suit, in which case the lease would not have been cut off; the purchaser at the foreclosure sale would have acquired the property subject to the lease, and the relation of landlord and tenant would have existed between such purchaser and the lessee. Thus the life insurance company, having full knowledge of all the facts, had at its command two coexistent remedies which were not analogous, consistent or concurrent. One was to sell the property subject to the lease, the other to sell it freed from the lease. Under such circumstances it is well settled that any decisive act of a party looking to the adoption of one remedy rather than the other is determinative of his election to adopt that remedy and is irrevocable. So, as has been frequently held, the prosecution

of one remedial right to judgment or decree is a decisive act which constitutes a conclusive election, and bars a subsequent prosecution of an inconsistent remedial right. In *Conrow* v. *Little* (115 N. Y. 387) the Court of Appeals speaking of the plaintiffs' election in that case to affirm or avoid a contract said: " They could not do both, and there must be a time when their election should be considered final. We think that time was when they commenced an action for the sum due under the contract." And the same court said in *Terry* v. *Munger* (121 N. Y. 161): " When it becomes necessary to choose between inconsistent rights and remedies, the election will be final and cannot be reconsidered even where no injury has been done by the choice, or would result from setting it aside."

These well-settled rules are exactly applicable to the case at bar. When the life insurance company elected to so frame its foreclosure action as to cut off defendant's lease, and prosecuted the suit to judgment it made a decisive and irrevocable election, and neither it, nor its assignee, the present plaintiff, could thereafter insist that the lease and the obligations of the lessee survived the sale. The order authorizing the discontinuance of the action against this defendant cannot be considered as an adjudication that no such election had been made, or, if made, that it could be reconsidered. No such question was involved. All that can be said of that order is that it recognized the right of the plaintiff's assignor to frame its action as it saw fit, but it certainly was not intended to affect the right of the defendant, then already vested, to hold the mortgagee to its election.

We are also of the opinion that the plaintiff in the foreclosure action, and the present plaintiff, its grantee, are equitably estopped to now insist that defendant be held to its lease. After the foreclosure action had been brought and judgment had been asked canceling, *inter alia*, defendant's lease, and judgment had actually been entered to that effect, defendant was justified in assuming that its lease was to be cut off, and in moving out of the premises at considerable cost. It thereby changed its position to its detriment, in reliance upon the positive acts of the plaintiff in the foreclosure action. It was not bound, as between itself and the

insurance company, or the purchaser at the foreclosure sale, to remain in possession at the risk of being forcibly and summarily ejected.

It follows that the judgment appealed from must be reversed and the complaint dismissed, with costs to the appellant in this court and the court below.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.