METROPOLITAN LIFE INSURANCE COMPANY, Respondent, *v.* CHILDS COMPANY, Formerly Known as CHILDS UNIQUE DAIRY COMPANY, Appellant.

First Department, May 3, 1918.

**Landlord and tenant — right of tenant to remove from premises upon entry of judgment in foreclosure — liability for rent for period between judgment and sale.**

After a judgment of foreclosure, a tenant in possession under a prior lease, who was made a party is in the same position as a tenant who has been served with a precept in a summary proceeding and may remove from the premises and thereby effect a cancellation of the lease, and, therefore, the mortgagee and purchaser of the premises who had obtained an assignment of the rents from the mortgagor is not entitled to recover rent from the tenant for the period between the judgment and sale in the foreclosure action.

LAUGHLIN and DOWLING, JJ., dissented, with opinion.

APPEAL by the defendant, Childs Company, from a judgment of the Supreme court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of November, 1917, upon the decision of the court after a trial before the court, a jury having been waived.

*William A. Barber* of counsel [*Joseph Diehl Fackenthal* with him on the brief; *Barber, Watson & Gibboney*, attorneys], for the appellant.

*Frederick C. Tanner* of counsel [*Frederick C. Lawyer* with him on the brief; *Butcher, Tanner & Foster*, attorneys], for the respondent.

PAGE, J.:

The facts are fully stated in the opinion in *Four Hundred Sixty-one Eighth Avenue Co., Inc.,* v. *Childs Co.,* decided by this court February first, last (181 App. Div. 742). In that action the grantee of the purchaser at the foreclosure sale sought to recover the rent of the premises for the remaining term of the lease. This action is by the mortgagee in possession, who was also the purchaser at the foreclosure sale, to recover rent for the period after the judgment until it sold the premises. The judgment herein was

for the full amount of such rent. The rent for the time between the foreclosure sale and the conveyance by the purchaser at such sale is within the principles governing the former decision, and to that extent is determined adversely to the plaintiff. The question to be determined upon this appeal is the plaintiff's right to rent for the period between the judgment and sale in the foreclosure action. The judgment was served upon the attorneys for this defendant on May 1, 1914. It removed from the premises May 5, 1914. The foreclosure sale was had on March 19, 1915. The mortgage contained the usual clause assigning the rents as further security for the loan, and upon the commencement of the foreclosure action the owner of the equity of redemption by a formal instrument in writing assigned the rents to the plaintiff, giving it the right to institute and carry on all legal proceedings necessary for the protection of the property including such proceedings as may be necessary to recover possession of the whole or any part of the property, and to institute and prosecute any suits for the collection of rents and to institute and prosecute summary proceedings. The plaintiff became thereby a mortgagee in possession, and remained such until the sale under the decree of foreclosure. The fact that the tenant was made a party showed the election and determination of the plaintiff that the lease should terminate and be canceled and that the tenant should be removed from the premises. Until judgment the rights of the parties did not become fixed, but the effect of the judgment was to cut off and bar the tenant from all rights in the premises, except the right to possession until the sale, when it was liable to summary ejectment by the sheriff. In my opinion, after the judgment the defendant was in the same position as a tenant, who, having been served with a precept in summary proceedings, removes before service of the warrant, which has been repeatedly held to be within the tenant's rights. In such case, by the issuance of the precept the right to remove from the premises and effect a cancellation of the lease comes to the tenant, and he is not bound to remain in the premises until he is removed by the marshal under the warrant, but has the right to seek other premises, and remove thereto without being liable to pay rent under two leases. (*Cornwell* v. *Sanford*, 222 N. Y. 248.)

In principle there can, in my opinion, be no distinction made in such a case and the instant case.

The defendant conducted a business upon these premises. It was necessary to find another store, fit it up, and remove to it. It was not required to remain on the premises awaiting the sale and a writ of assistance, and after its effects had been put upon the street attempt to find another place in which to transact its business. The plaintiff accomplished its purpose of obtaining possession of the premises unincumbered with the lease. As the rent was payable in advance on the first of each month, the rent for the month of May had become due prior to the defendant's removal, and the plaintiff is entitled to recover that rent.

The judgment should be reduced to $666.67, with interest from May 1, 1914, together with the costs of the action, and as modified affirmed, with costs to the appellant.

CLARKE, P. J., and SHEARN, J., concurred; LAUGHLIN and DOWLING, JJ., dissented.

LAUGHLIN, J. (dissenting):

This action was brought to recover rent pursuant to the terms of a lease in writing, made May 1, 1902, and terminating May 1, 1923, which was junior to a then recorded mortgage held by plaintiff, executed March 20, 1901. On the 9th of December, 1913, plaintiff brought an action to foreclose the mortgage and joined the defendant, the lessee, and it appeared by attorneys; and on the 24th of April, 1914, a judgment of foreclosure in the usual form was duly entered in the action. The judgment was served on the defendant's attorneys on May 1, 1914. On May fifth it vacated the premises without having been evicted or any other action on the part of the plaintiff or the landlord. This court on the 16th of October, 1914, reversed an order of the Special Term denying plaintiff's motion in the foreclosure action to discontinue as to the defendant, and granted the motion. (*Metropolitan Life Ins. Co.* v. *Hydrex Felt & Engineering Co.*, 164 App. Div. 935.) On the 19th of March, 1915, the premises were sold pursuant to the judgment and were bid in by plaintiff. After the commencement of the foreclosure action and on the 17th of December, 1913, plain-

tiff obtained a formal assignment in writing from defendant's landlord, the owner of the equity of redemption, of the rent to grow due, and by virtue of the assignment collected the rent until the first of May. This action was brought to recover the rent from May 1, 1914, to and including September, 1915; and for the period prior to the sale it is based on the *assignment*, and for the period subsequent thereto it is based on plaintiff's ownership by virtue of the referee's deed. The plaintiff has recovered for the entire period. In so far as the recovery is for the period *after* the sale, the judgment cannot be sustained; for this court, in an action by plaintiff's grantee to recover under the lease for rent for a period subsequent to the date of the conveyance by plaintiff to it — December 31, 1915 — and, by assignment, from the time of plaintiff's purchase of the premises, being part of the period here involved, held that the lease was cut off by the foreclosure sale, on the theory that plaintiff in joining the tenant had so irrevocably elected, and also that this plaintiff and its grantee, the plaintiff in the other action, were estopped from claiming that the lease continued in force, and that upon the entry of the foreclosure judgment the tenant " was justified in assuming that its lease was to be cut off, and in moving out of the premises * * *," and " was not bound, as between itself and the insurance company, or the purchaser at the foreclosure sale, to remain in possession at the risk of being forcibly and summarily ejected." (*Four Hundred Sixty-one Eighth Avenue Co., Inc.*, v. *Childs Co.*, 181 App. Div. 742.)

I am of opinion, however, that the defendant remained liable for the rent until the sale and conveyance by the referee pursuant to the foreclosure judgment. The foreclosure action and judgment were notice to the defendant that its lease was to be cut off *by the sale* and that it might be removed by a writ of assistance if it remained in until after the sale; but the plaintiff as mortgagee had no authority to interfere with the defendant's possession under the lease *until the sale*, and it did not threaten so to do, and as assignee of the rents it had no authority to eject the defendant or to disturb its peaceful possession provided it paid the rent, and defendant manifestly was not warranted in quitting possession on account of a demand for rent which was due and owing under the

lease.   Moreover, regardless of whether defendant might have had a defense as against any right of the mortgagee *as such*, the plaintiff is not here asserting any right claimed to have been derived as mortgagee, but rather the right of the defendant's landlord, and, therefore, the sufficiency of the defense must be tested precisely as if the landlord had brought the action.   But for the assignment of the rents to plaintiff, there can be no doubt that the landlord could have recovered rent down to the date his title was extinguished by the referee's deed.

I, therefore, vote to modify the judgment by confining the recovery to the period from May 1, 1914, to March 19, 1915, at the rate of $666.67 per month, together with interest thereon from the dates when the respective installments became due, and for affirmance as so modified, without costs.

DOWLING, J., concurred.

Judgment modified as stated in opinion and as modified affirmed, with costs to appellant.   Order to be settled on notice.