MAXRICE REALTY CORPORATION, Respondent, *v.* B/G SANDWICH SHOPS, INC., Appellant.

First Department, December 8, 1933.

*J. A. Van Bergh* of counsel [*Walter Mendelsohn* and *David Katz* with him on the brief; *Proskauer, Rose & Paskus*, attorneys], for the appellant.

*Murray L. Jacobs*, for the respondent.

TOWNLEY, J. The complaint is predicated on a written lease and the demand is for rent. The premises were leased to B/G Sandwich Shops Eastern Corporation as tenant on November 25, 1924, by the landlord Avenyork Corporation. The Avenyork Corporation later conveyed the premises to the Estate of Samuel Greenstein, Inc. The B/G Sandwich Shops Eastern Corporation assigned its interest in the term which expires December 31, 1934,

to defendant which has been in occupancy for over seven years. On May 3, 1932, an action was brought by the United States Trust Company of New York to foreclose a mortgage on the premises. On October 17, 1932, the premises were sold under foreclosure to Liberdar Holding Corporation, which assigned its bid to the plaintiff. Defendant was not a party to the foreclosure judgment. The answer to the present complaint admits non-payment of the rent but denies the title of the present landlord.

The defect which it is claimed exists in plaintiff's title arises from the fact that before the judgment of foreclosure was rendered, the corporate owner of the equity, Estate of Samuel Greenstein, Inc., which was a party in the action, was dissolved by decree of the court and the permanent receiver was never made a party defendant. It is urged that the effect of this was to make the judgment of foreclosure of no force and effect against the subsequent owner of the equity of redemption, the permanent receiver. Since all claims against the tenant in this action arise out of the lease which had been assigned to the dissolved corporation, plaintiff, if it has not acquired the interest of the dissolved corporation by the referee's deed, is a stranger to the defendant and may not demand the rent.

We are satisfied that the dissolution of the corporate defendant in the foreclosure action was equivalent to the legal death of the party, that the action abated as to that corporation, and that it could only be revived and continued by the substitution of the permanent receiver. The fact that the temporary receiver, who was later continued as permanent receiver, was a party to the action is immaterial. The temporary receiver was a mere custodian of the property. Title did not vest in him. It was necessary after his appointment as permanent receiver to make him a party. Authority for this view is found in *Matter of French* (181 App. Div. 719; affd., 224 N. Y. 555), in which Mr. Justice LAUGHLIN wrote concerning a similar foreclosure action that " by the final order of dissolution the corporation ceased to exist and the action could proceed no further against it and could in no event proceed until it was revived against the permanent receiver who became the trustee of the property of the corporation for the benefit of its creditors and stockholders."

Although the landlord's title is defective, the tenant has paid several months' rent since the foreclosure. Plaintiff, citing *Kelley* v. *Osborn* (172 App. Div. 6), now urges that the tenant is estopped to question its title. In the *Kelley* case the tenant had made his lease with the very party whose title he was later questioning. Under well-settled principles of law this may not be done. But in the case at bar the rule has no application. " Though the

defendant is not at liberty to deny his liability for rent on the lease, he has a right to know that the person calling on him for payment is the proper person to demand it." (*Schott* v. *Burton*, 13 Barb. 173, 181.) (See, also, *Despard* v. *Walbridge*, 15 N. Y. 374.)

The landlord urges further that there has been an attornment because of the payments above referred to. But under section 224 of the Real Property Law, " The attornment of a tenant to a stranger is absolutely void." As the plaintiff does not possess a title binding upon the owner of the equity of redemption to whom the lease runs, it must be deemed to be a stranger within the meaning of section 224. Accordingly, plaintiff can claim no rights against the tenant on the theory of attornment.

In any event, the motion for summary judgment should not have been granted. The answer questioned the present plaintiff's title. The complaint is based on the actual lease and not on any claim of attornment. This claim was made in the moving affidavit and tended to contradict the claim made in the complaint itself. On a motion for summary judgment there must be a good complaint which is supported and proved by the affidavits submitted. As the record stands, there is a manifest variance between the pleading and the proof. The Court of Appeals said in *Matter of O'Donnell* (240 N. Y. 99, 105) that by an attornment the new tenancy thus constituted is " ' in fact a new contract and a new demise.' " It follows that such a new contract should be pleaded if the landlord is relying on it.

Finally, it was claimed on the argument that the plaintiff now holds a quitclaim deed from the permanent receiver. If this be true, in order to establish liability for rent under the lease against this defendant, it would be incumbent on the plaintiff to show in a proper complaint the devolution of title and assignments of claims for rent accruing prior to the giving of the quitclaim deed.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.