## HABRICH v. DONOHUE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

ACCORD AND SATISFACTION—PLEADING.

Plaintiff rendered defendant a bill for board furnished between September 7, 1897, and November 16, 1897. Defendant sent his check for the amount in payment. Defendant, in his letter, showed errors in the bill, and stated that the next payment would be due January 1, 1898. The bill rendered should have been from August 26th. *Held*, in an action to recover for the two weeks omitted from the bill, defendant could not claim that if plaintiff received and retained the check of November 16th, knowing defendant intended it to be in full payment, then such check paid the bill in full to that time, when he had not pleaded accord and satisfaction.

Appeal from trial term, New York county.

Action by Eliza Habrich against Charles Donohue to recover for board and lodging. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Charles W. Coleman, for appellant.
James R. Burnet, for respondent.

PER CURIAM. The first cause of action set forth in the complaint herein, and the only one that went to the jury, was upon a contract for board and lodging furnished by the plaintiff, at the request of the defendant, to a third party, from the 19th day of May, 1896, to the 21st day of December, 1897. The defendant set up as an affirmative defense that he had paid in full all indebtedness of every kind to the plaintiff arising out of the matter alleged in the first cause of action. On the trial it appeared in evidence on the plaintiff's direct examination that at some time prior to November 18, 1897, she rendered a bill to the defendant, which seems to have been for board and lodging furnished between the 7th day of September and the 16th day of November. On the 18th day of November the defendant wrote to the plaintiff, showing errors in the bill thus rendered, and inclosing his check, dated November 16th, for the amount which appeared by the bill to be owing for board and lodging supplied between the dates mentioned in it. He then referred to the fact that further payment would become due on the 1st of January, 1898, and that after that time the plaintiff should not look to him for any further payment. The check inclosed in the defendant's letter was paid, and the amount retained by the plaintiff. It appeared upon her cross-examination that the bill referred to in the defendant's letter was in fact erroneous. Instead of being for board from September 7th, it should have been made from August 26th, there being a difference of two weeks. The

actual controversy between the parties really is reduced to the plaintiff's right of recovery for the two weeks thus omitted from her bill. Upon the trial the defendant requested the court to charge the jury that, if the plaintiff received the check of November 16th, knowing the defendant intended to offer it as a payment in full, and retained it, then the jury must find that such check paid the bill to that time. The trial judge refused that request upon the ground that it was virtually asking the court to submit to the jury a defense of accord and satisfaction, which was not pleaded. An exception was taken to this ruling of the court. It is scarcely necessary to cite authorities to the proposition that an affirmative defense, such as that of accord and satisfaction, must be pleaded as new matter. There is nothing in this case to take it out of the ordinary rule of pleading, and the judgment and order must be affirmed, with costs.