ALBERT N. HALLGARTEN, Respondent, *v.* JEAN WOLKENSTEIN, Appellant.

First Department, March 2, 1923.

Sales — action for breach of contract to purchase corporate stock — answer denied material allegations of complaint — affidavit on motion by plaintiff for summary judgment set forth alleged contract which did not contain agreement by plaintiff to sell — plaintiff not entitled to summary judgment — affidavit under Rules of Civil Practice, rule 113, must prove action alleged in complaint.

The plaintiff is not entitled to summary judgment in an action to recover damages for breach of an alleged contract whereby the defendant agreed to purchase

First Department, March, 1923. [Vol. 204

certain corporate stock, where it appears that the answer denied the material allegations of the complaint and that the affidavit in support of the motion set out two letters, neither one of which contained an agreement on the part of the plaintiff to sell the stock.

Under rule 113 of the Rules of Civil Practice, the affidavit offered by the plaintiff on motion for a summary judgment must prove the cause of action alleged in the complaint and it is not enough to say that there might be a liability of the defendant to the plaintiff on other facts different from those alleged.

APPEAL by the defendant, Jean Wolkenstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1922, granting plaintiff's motion for summary judgment.

*Holmes, Rogers & Carpenter* [*Charles P. Rogers* of counsel], for the appellant.

*Millard H. Ellison* of counsel [*Andrew I. Farb* with him on the brief], for the respondent.

PAGE, J.:

The action was brought to recover the purchase price of certain stock. It is alleged that the plaintiff and defendant entered into a written contract, wherein the plaintiff agreed to sell and the defendant agreed to purchase from the plaintiff certain shares of stock for the sum of $15,000; that the plaintiff duly tendered the stock to the defendant and demanded that the defendant accept the stock and pay for the same, which the defendant refused to do; that the stock cannot readily be resold for a reasonable price; and that there is not an available market for the sale of said stock.

The answer denies the material allegations of the complaint. The affidavit of the plaintiff in support of his motion sets forth, as the agreement upon which the cause of action is based, the following letter written upon the letterhead of the United States High Speed Steel and Tool Corporation under date of December 7, 1920:

"ALBERT N. HALLGARTEN, Esq.,
     " 71 Central Park West,
          " New York City: .

" MY DEAR HALLGARTEN.— Confirming my conversation with you, I hereby agree to repurchase from you three hundred seventy-five (375) shares of the capital stock of the U. S. High Speed Steel & Tool Corporation, which you now hold for the sum of $15,000 together with interest, and undertake to endeavor to pay for same on or before April 1st, 1921.

          " Yours very truly,
     "(Signed)     JEAN WOLKENSTEIN."

The complaint alleges that the parties on December 7, 1920, entered into a written contract wherein and whereby plaintiff agreed to sell and the defendant to buy the said shares of stock. The above letter is not such a contract. There is no agreement contained in this letter on the part of the plaintiff to sell. It is either evidence of a prior · parol agreement or an unaccepted proposition to buy. There is no mutuality of obligation and no other consideration expressed therein. The cases upon this point are collated and discussed by Mr. Justice (now Presiding Justice) CLARKE in *Jermyn* v. *Searing* (170 App. Div. 707, 720; affd., 225 N. Y. 525), wherein he said: " The only consideration expressed upon the face of such instrument was ' the mutual promises herein contained.' I have not been able to find any promises made by Searing & Co. with the exception of that contained in the 3d clause, whereby they agreed to issue to the subscribers upon payment of their subscriptions negotiable receipts in the form prescribed. Every other promise and obligation incurred was made or incurred by the subscriber. In *Commercial Wood & Cement Co.* v. *Northampton P. C. Co.* (115 App. Div. 388), Mr. Justice INGRAHAM quoted with approval from 9 Cyc. 325: ' A promise is a good consideration for a promise, provided always that it imposes some legal liability on the person making it. If it imposes none, then it cannot be a consideration.' From page 327: ' There are many cases in which, although the offer is definite enough, yet the accepter by merely accepting has really himself promised nothing in return, has not made himself liable for anything, so that, although one is bound the other is not, and the engagement lacks what is called mutuality. In such a case there is not an enforceable agreement.' In that case the court held that the only possible consideration for the contract under consideration would be an assumption of mutual obligations by both the contracting parties, which he failed to find."

Mr. Justice CLARKE also (at p. 722) said: " In *Joseph* v. *Sulzberger* (136 App. Div. 499), this court said that ' as the case stood, * * * the only contract which had been proven * * * was an agreement on the part of defendant that he would purchase and carry so much of the * * * stock as could be procured, and that such stock should be divided *pro rata* between the parties to the agreement, but no agreement had been shown on the part of plaintiff * * * that [he] would at any time take his *pro rata* share of such stock and pay his proportion of the cost and carrying charges. Such an agreement was wholly unilateral and involved no obligation on plaintiff's part which the defendant could have enforced. There was no consideration to support defendant's promise, and it cannot be enforced.' "

The test as stated in the last case is the one to be applied in these cases, could the defendant have sued the plaintiff on this contract? In the instant case, if Wolkenstein had tendered the money to plaintiff and plaintiff had refused to sell, would Wolkenstein have a right of action on this writing alone against plaintiff? It is too evident for cavil that he would not. A complete answer would be " it is true you agreed to buy but I did not agree to sell." The plaintiff claims that the letter of the defendant to the plaintiff of May 5, 1922, is an admission of the agreement for the purchase and sale of the stock, but also of the indebtedness of the defendant to the plaintiff, and in this letter the learned justice at Special Term found a waiver of tender. The letter is as follows:

" DEAR SIR.— Regarding my agreement to reimburse your investment in the stock of the U. S. High Speed Steel & Tool Corporation, I regret very much that owing to the poor conditions of business in general, I have not been able to take care of this matter before this. It is, however, my firm belief that within the next sixty days I could work out a plan of reimbursement which will appeal to you and I herewith pledge myself to do so. The amount invested by you is $15,000.00 plus interest until paid in full."

This letter, it is to be noted, is not an offer to carry out the original agreement to repurchase the stock, but an expression of a belief that he could work out some plan to reimburse the plaintiff for his investment in the stock, other than by repurchase, which would appeal to the plaintiff. There is nothing in this letter which supplies the defect in the original that plaintiff had not obligated himself to sell. At most it shows that defendant, for some reason which does not appear, felt under an obligation on his part to reimburse the plaintiff for his investment in the stock. Nowhere does it appear in these papers that on any specified date the plaintiff definitely showed his acceptance of the proposition by a formal tender of the stock. If he did, that might show a cause of action not on the written agreement of December 7, 1920, but on the proposition of that date accepted by the plaintiff on the date of the tender when he committed himself to the sale.

Rule 113 of the Rules of Civil Practice explicitly provides: " The answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, *verifying the cause of action.*" Which means that the facts stated in the affidavit of the plaintiff or other person having knowledge of them who would be competent to testify to the facts upon the trial, must prove the cause of action stated in the complaint to be true. It is not enough to show that there might be a

liability of the defendant to the plaintiff on other facts different from those alleged. We must bear in mind that the rule permits a summary and drastic remedy which can only be invoked by those who demonstrate that they are clearly entitled to the relief. In this case the plaintiff has alleged that on a certain day plaintiff and defendant entered into an agreement in writing, wherein and whereby the plaintiff agreed to sell and the defendant agreed to purchase from plaintiff certain stock at a definite price. This the defendant denies. In verification of this cause of action the plaintiff presents an agreement for the defendant to purchase, but no agreement on the plaintiff's part to sell. He not alone failed to prove the allegations of the complaint, but has demonstrated the truth of the denial in the answer.

It is doubtful whether the plaintiff has set forth facts sufficient to show that he could recover for the price and if a valid agreement to sell had been shown, whether his action should not have been for damages for non-acceptance. With the view that we take of the failure of the plaintiff to prove the written contract alleged in the complaint, it is unnecessary to consider this question.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.