PAUL J. WISE, Appellant, *v.* WILLIAM M. POWELL, Respondent.

Fourth Department, May 5, 1926.

Pleadings — counterclaim — motion, not noticed within ten days after service of answer, to dismiss on ground of insufficiency was timely under Civil Practice Act, § 279 — objection not taken within ten days that tort counterclaim was interposed in action on contract properly overruled (Civ. Prac. Act, § 278; Rules of Civ. Prac. rule 109) — motion for summary judgment under Rules of Civil Practice, rule 113, must be denied where counterclaim interposed, if reply does not allege affirmative defense relied on in affidavits.

A motion to dismiss a counterclaim although not made within ten days after service of answer is, under section 279 of the Civil Practice Act, timely, where the motion is based on the insufficiency of the counterclaim.

However, a motion not made within ten days after the service of answer which raises an objection that a counterclaim in tort is interposed to a complaint on contract, is not timely, and the court properly overruled the objection. (Civ. Prac. Act, § 278; Rules of Civ. Prac. rule 109.)

Assuming that a motion for summary judgment may be made under rule 113 of the Rules of Civil Practice where the answer includes a counterclaim, the motion herein was properly denied, because the reply failed to allege an affirmative defense disclosed in the affidavits.

APPEAL by the plaintiff, Paul J. Wise, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 6th day of October, 1925, denying plaintiff's motion to dismiss the counterclaim set forth in defendant's answer and for summary judgment.

*Frederick Wiedman,* for the appellant.

*George S. Van Schaick,* for the respondent.

PER CURIAM. The third counterclaim should be struck out as not stating facts sufficient to constitute a cause of action. It is not only indefinite and uncertain, but is wholly lacking in allegations of fact which would warrant a recovery. The motion was timely so

far as it challenged the sufficiency of the counterclaims on the merits. (Civ. Prac. Act, § 279.)

Otherwise the order should be affirmed. The objection that counterclaims in tort are not properly interposed to a complaint in contract arises under section 278 of the Civil Practice Act and rule 109 of the Rules of Civil Practice, which must be read together. As the motion was not noticed within ten days after the service of the answer, and in fact not until long after the reply was served (Civ. Prac. Act, § 282), the learned justice at Special Term properly overruled the objection on this ground.

Assuming that a motion for summary judgment under rule 113 of the Rules of Civil Practice may properly be made where the answer includes a counterclaim (*Chelsea Exchange Bank* v. *Munoz*, 202 App. Div. 702), such motion was properly denied in this instance because the reply failed to allege the affirmative defense of accord and satisfaction which plaintiff's motion papers disclose as the basis of his claim for the denial to defendant of relief on the first and second counterclaims. (*Reilly* v. *Barrett*, 220 N. Y. 170; *Habrich* v. *Donohue*, 51 App. Div. 375.) This defense is not open to the plaintiff without an amendment of his reply.

The order should be modified to provide for the striking out of the third counterclaim, and as modified affirmed, without costs.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Order modified by striking out the third counterclaim and as so modified affirmed, without costs of this appeal to either party.