PAULINE C. BURGIN, Appellant, *v.* JOHN FRANCIS RYAN, Respondent.

Second Department, March 24, 1933.

*Walter L. Bunnell,* for the appellant.

*Edwin W. Willcox,* for the respondent.

PER CURIAM. The plaintiff has brought an action to recover certain payments alleged to be due her under the provisions of a

separation agreement dated November 1, 1929. The amended answer sets up as a defense a modification in part of the original agreement by a supplemental agreement dated May 28, 1931. The plaintiff moved to strike out this defense as sham, and for summary judgment. The motion was denied.

The very persuasive argument of appellant's counsel would very likely lead to its logical conclusion had the complaint set up a cause of action based on this superseding supplementary agreement. But the cause of action alleged in the complaint cannot be the basis of a new and distinct cause of action set forth in the plaintiff's affidavits and result in a summary judgment not contemplated in the original pleadings. The fault lies with the pleader, and the remedy is only by amendment or a trial.

Plaintiff moved also to preclude defendant from offering on the trial any evidence as to the supplemental agreement he had set up in his answer, on the ground that he had refused to discover and produce for inspection that document after notice given under section 327 of the Civil Practice Act. The practice in respect to such order of preclusion is unsettled as to whether the application should be made at Special Term or on the trial. We think the matter rests largely in discretion. In this case it would appear that the defendant was entirely captious in his refusal. He had set up a part of it in his answer, and in his motion papers had claimed that there had been a vital addition made to it without his consent or authority, which he says was made either by mutual mistake or misrepresentation on the part of plaintiff. It was important that the paper be exhibited. The failure to comply with the notice casts grave doubt on defendant's good faith.

The order in so far as it denies the motion to strike out the first defense contained in the amended answer, and denies plaintiff's motion for summary judgment, should be affirmed, without costs.

That part of the order which denies the plaintiff's motion to preclude defendant from offering any evidence on the trial as to the contents of the supplementary agreement referred to in the first defense should be reversed on the law and the facts and plaintiff's motion in that respect granted, without costs, with leave to defendant to comply with the notice within three days and to apply at Trial Term for leave to be allowed to put the same in evidence upon such terms as may be then imposed.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, TOMPKINS and DAVIS, JJ.

Order in so far as it denies the motion to strike out the first defense contained in the amended answer, and denies plaintiff's motion for

summary judgment, affirmed, without costs. That part of the order which denies the plaintiff's motion to preclude defendant from offering any evidence on the trial as to the contents of the supplementary agreement referred to in the first defense is reversed on the law and the facts, and plaintiff's motion in that respect granted, without costs, with leave to defendant to comply with the notice within three days and to apply at Trial Term for leave to be allowed to put the same in evidence upon such terms as may be then imposed.