ANTHONY W. TRIPP, Respondent, *v.* JOSEPH H. MEYER BROTHERS, Appellant.

First Department, March 16, 1934.

*Phillip S. Rivlin,* for the motion.

*Stanley Garten,* opposed.

PER CURIAM. A judge presiding at a trial has the same power under section 105 of the Civil Practice Act and rule 166 of the Rules of Civil Practice, in a case where no prejudice may result to the opposing party, to grant amendments to pleadings, as a judge at Special Term. (*Copeland* v. *Hugo,* 212 App. Div. 229; *Feizi* v. *Second Russian Ins. Co.,* 199 id. 775.)

In the exercise of such power, the justice presiding at the trial had allowed plaintiff herein, after dismissal of the original complaint, to amend the complaint, and defendant to amend its answer by interposing two affirmative defenses which were dictated into the record. The amendment of the complaint was without terms, and of the answer without adjournment.

The trial proceeded, and after the introduction of certain testimony by the plaintiff, a motion by plaintiff was made to dismiss

one of the new defenses upon the ground that the ruling was warranted by the evidence. Said motion was granted. At the end of plaintiff's case defendant moved to dismiss the complaint for failure to prove a cause of action as pleaded, which was denied; and at the end of the entire case defendant's motion to dismiss the complaint on the same ground was also denied. Thereafter the jury disagreed.

Defendant, for the purpose of appealing therefrom, procured the entry of an order at Trial Term which, among other things, provided for the amendment of the complaint, but failed to include therein the right to amend the answer, which had likewise been granted and accepted by the defendant. The remaining part of the order involved rulings upon the trial which, because of the disagreement of the jury, fell with that trial.

The complaint and answer having been amended at Trial Term, the party dissatisfied with the ruling amending either pleading may have the sufficiency of such pleading tested by procuring the entry of an order at Trial Term embodying such ruling, and appealing therefrom (*Conlew, Inc.*, v. *Uhler*, 239 App. Div. 380) since such an amendment of the pleadings survives the abortive trial.

It does not appear from the papers that defendant by appeal desired to test the sufficiency of the amended complaint, or the ruling allowing an amendment of the answer, but only the other rulings which became of no effect when the jury disagreed.

As the appeal, therefore, presented no question for review, it was properly dismissed and this motion should be denied.

Present — FINCH, P. J., MARTIN, TOWNLEY, GLENNON and UNTERMYER, JJ.

Motion denied.