THE BOWERY SAVINGS BANK, Respondent, v. SONONA HOLDING CORPORATION and Others, Defendants, and JENNIE WHITEHORN and MIRIAM ZUCKER, Appellants.— Resettled order striking out the answer of the appealing defendants and granting plaintiff summary judgment as against them reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The answer of the appealing defendants contains new matter constituting a defense and they are entitled to a trial on the merits. Questions of fact are presented on the issues of consideration for the agreement that the plaintiff would forbear to foreclose, and as to whether, by reason of the allegations of the answer, the plaintiff was estopped from bringing the action at this time. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

FLORENCE M. COLQUHOUN, Appellant, v. WILLIAM COLQUHOUN, Respondent.— Order modifying final decree of separation by reducing the permanent alimony from $250 a month to $100 a month affirmed, without costs. No opinion. Hagarty, Davis, Johnston and Adel, JJ., concur; Close, J., not voting.

SAVERIO DERRICO, Respondent, Appellant, v. JOSEPHINE CICCOLELLA, Appellant, Respondent.— The action is to establish the existence of an easement by implied grant on the defendant's property for the purpose of drainage and to restrain defendant from interfering with the easement, and for damages. The court granted judgment for plaintiff and awarded him $150 as treble damages. On appeal by defendant, judgment reversed on the law, without costs, and complaint dismissed, with costs. Appeal by plaintiff from the judgment dismissed. Plaintiff's and defendant's predecessors in title took from a common grantor in April, 1865. There is no proof that the use which gives rise to the easement existed prior to the severance of the unity of ownership. To create an easement by implication on the ground of necessity, the necessity must exist in fact and not as a mere convenience. The proof in the instant case shows the easement is not necessary for the beneficial enjoyment of plaintiff's property and that the drainage from plaintiff's roof may be accomplished by the expenditure of a nominal sum. (*Wells* v. *Garbutt*, 132 N. Y. 430; *Paine* v. *Chandler*, 134 id. 385; *Spencer* v. *Kilmer*, 151 id. 390; *Heyman* v. *Biggs*, 223 id. 118.) Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

WILLIAM J. ELLISON, Respondent, v. REPUBLIC MANUFACTURING CORP. and S. M. GROSS SONS, INC., Appellants.— In an action to recover the purchase price of goods sold, order granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, and judgment entered thereon, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied. In our opinion the affirmative defenses pleaded in the answer are without merit, but there is an issue of fact as to whether the goods could readily be resold for a reasonable price. Without proof of that fact, the action is not maintainable under section 144, subdivision 3, of the Personal Property Law. There is also a variance between the plaintiff's pleading and proof. The complaint alleges an actual delivery of the goods, and the affidavits show that there was no such delivery. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.