ALFRED STRAUSS, Plaintiff, *v.* KENDE GALLERIES, INC., Defendant.

Supreme Court, Special Term, New York County, December 19, 1952.

*Lyman Stansky* for plaintiff.

*Henry I. Levine* for defendant.

MATTHEW M. LEVY, J. This application by the plaintiff for partial summary judgment involves the contract which is the gravamen of the action as instituted and an agreement entered into during the pendency of the litigation, which *post litem* accord is not pleaded in the complaint but is nevertheless the basis of the motion. Does rule 113 of the Rules of Civil Practice (upon which rule 114 is grounded) permit or preclude the granting of the relief prayed for under such procedural circumstances? Let me set forth the facts as they appear in the papers before me.

The plaintiff alleges in the complaint that he and the defendant entered into an agreement to the effect that plaintiff would secure for sale at the defendant's public auction rooms a specified private collection of paintings to be obtained from Switzerland, in return for which the defendant would pay plaintiff one third of the gross commissions on such sale. The complaint further alleges that plaintiff obtained the collection; that defendant sold it at auction and realized $18,000 commissions; but that defendant refuses to pay plaintiff the stipulated share of $6,000 pursuant to the agreement. The defendant's answer was in effect a general denial.

It appears that, after issue was joined, and while the defendant was in the process of being examined before trial, the principals themselves met (without benefit of counsel) and pursuant to agreement between them the defendant wrote to the plaintiff as follows:

Dear Mr. Strauss:

Please be advised that we agree to pay to you on all the commissions earned and collected from the sales of paintings belonging to Mr. Hans Frohlich of Zurich, Switzerland, a 10% Finders Fee.

KENDE GALLERIES, INC.
(signed) Herbert A. Kende

Based upon his construction of this memorandum, the plaintiff now moves for judgment in the sum of $3,091.61—not requesting the full amount claimed to be recoverable under the arrangement agreed upon after suit since all of the consigned paintings

have not yet been sold. In other words, the motion is not for partial summary judgment under the initial contract as pleaded, but rather under the later agreement.

It may well be, as urged by the defendant, that this subsequent agreement is incomplete and ambiguous, and that testimony must be adduced to disclose and explain the intentions of the contracting parties. The new arrangement may have been made to settle the litigation in its entirety or to change the agreed measure of plaintiff's compensation. The language of the document itself may not necessarily carry out the alleged intention of the moving party. Since, however, I have decided that I must deny the motion without prejudice to renewal, I shall leave the issue of construction to be disposed of unshackled by the expression of any views of mine. For there is here an obvious substantial variance between the plaintiff's pleading and his supporting affidavits. The very crux of the motion is an agreement entered into after suit, an agreement quite different in some important aspects from the contract pleaded in the complaint.

If this were a situation of a known occurrence antecedent to the commencement of suit, and were such material and necessary allegation not contained in the complaint, the law would require that the pleading be amended prior to the motion for summary judgment. The facts set forth in the moving affidavit, it has been held, '' must prove the cause of action stated in the complaint to be true. It is not enough to show that there might be a liability of the defendant to the plaintiff on other facts different from those alleged '' in the complaint (*Hallgarten* v. *Wolkenstein,* 204 App. Div. 487, 490–491; see, also, *Ellison* v. *Republic Mfg. Corp.,* 251 App. Div. 746; *Burgin* v. *Ryan,* 238 App. Div. 122, 123; *Maxrice Realty Corp.* v. *B/G Sandwich Shops,* 239 App. Div. 472, 474, and *Wise* v. *Powell,* 216 App. Div. 618, 619).

That seems a rather strange and technical rule of procedure in these days of permissible amendments of pleadings to conform to the proof, generally or by way of specific change, granted, even during trial, in the interests of expedition and of justice. (See Civ. Prac. Act, §§ 105, 434; Rules Civ. Prac., rule 166; *Harriss* v. *Tams,* 258 N. Y. 229, and *Tripp* v. *Meyer Bros.,* 240 App. Div. 387.) Why should not this be permitted prior to the trial as well, on a motion for summary judgment, which is in effect a preliminary trial by the court alone, and where the issue is simpler and can be more readily resolved? Why should there be a compulsory strict compliance with delaying techniques of mere formalism? A learned jurist, taking up the cudgels for a progressive viewpoint, commented that '' Per-

haps the courts should be, and in time will be, more liberal in such matters'' (Shientag on Summary Judgment, 1941 ed., p. 62). But there has as yet been no indication of any tendency on the part of the courts or the Legislature thus to liberalize the procedure, and Mr. Justice SHIENTAG himself properly felt bound by the unmistakable law on the subject (e.g., see *Equipment & Supply Co.* v. *Hudson Contr. Co.*, N. Y. L. J., Jan. 26, 1934, p. 421, col. 3).

Some defects, generally those of a typographical or trivial nature, in the pleading of the moving party, are even now disregarded (*McAnsh* v. *Blauner*, 222 App. Div. 381, 382, affd. 248 N. Y. 537; *Liggett Co.* v. *Broadway-John St. Corp.*, 220 App. Div. 195, 196). And a variance between an adversary's pleading and his answering affidavits has always been held to be completely immaterial, even though the variance be of a substantial nature (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272). But a distinction in that regard is made between the pleading of the moving party and that of the defending party. Standing alone, certain language of rule 113—requiring '' evidentiary facts as shall * * * establish the cause of action '' — would seem to justify it. But, latterly, the rule has been augmented so as to provide that '' If upon such motion [for summary judgment made by any party] it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment [accordingly], even in the absence of a cross-motion therefor.'' It would seem that whether the pleading involved be that of the movant or the respondent should be of no definitive moment, provided the issues set forth in the affidavits are explicit and the opponent has had full opportunity to meet them. However, the tactical purist is still in the ascendancy, although the technical requirements insisted upon by him may reasonably seem archaic in the light of current procedural reforms. I conclude that the rule has not been relaxed up to now.

Not alone am I thus constrained, but I must point out further that the present is a situation involving facts occurring *subsequent* to the commencement of the action. This would necessitate the service of a supplemental complaint as distinguished from an amended one (*Watson* v. *Consolidated Laundries Corp.*, 235 App. Div. 234; 3 Carmody on New York Practice [2d ed.], § 1143; Civ. Prac. Act, §§ 105, 245, 245b). Perhaps even Mr. Justice SHIENTAG, who urged more liberality in the case of amended pleadings, would have hesitated to extend his suggestion to the case where a supplemental pleading is in order. Certainly, the strictures of the present rule apply with equal (if not more) force

in the latter circumstance. Be that as it may, it is of course the neater and better practice, if indeed it is not compulsory, for the plaintiff first to obtain leave to serve a supplemental complaint, pleading the later agreement and the construction and effect of it as claimed by him as a new cause of action, and then to move for summary judgment if so advised.

The motion must therefore be denied, without prejudice to a renewal upon an appropriate complaint. Order signed.