JAMES E. MILLER et al., Respondents, v. EDMORE HOMES CORP., Appellant, et al., Defendant.— Respondents are the respective owners of thirteen of a row of fourteen attached one-family dwellings and the lots on which they stand. On each lot and to the rear of each of their dwellings is a semidetached garage. Each garage is about eighteen feet deep; the space between each garage and the shed which is attached to the rear of each dwelling is about fifteen feet; and the space between the opposite end of the garage, at which end are the garage doors, and the rear lot line is about twelve feet. The dwellings and garages were constructed about the year 1931. Appellant was the owner of the land to the rear of respondents' lots when, in March or April of 1953, it built a retaining wall along respondents' rear lot line in connection with constructing homes on its land, which up to that time had been vacant. The action was brought by respondents to adjudge that they have an implied easement to use a strip of said land to the rear of theirs of a width of about ten feet contiguous to their rear lot line and running out to the street at the northern end of the row of dwellings, as part of a driveway between the garages and said street; to compel appellant to remove the wall; and for an injunction. During the pendency of the action, respondents' notice of pendency of the action was

cancelled upon appellant's furnishing security in the amount of $5,000, and appellant sold and conveyed title to its then developed land to persons who are not parties to the action. Judgment was granted to respondents against appellant, after trial, in the form of $750 to each owner or owners of each of said thirteen dwellings, together with costs. The judgment contained other incidental provisions and no equitable relief. The appeal is from so much of the judgment as is in favor of respondents and against appellant. Judgment insofar as appealed from reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings of fact are made as indicated herein. The trial court found in favor of respondents on the theory that they had an implied easement of necessity, granted when the common owner of all the land sold and gave deeds of conveyance of each of respondents' dwellings to them or their predecessors in title at various times during a period commencing in the year 1941 and ending in the year 1945. However, each deed of conveyance expressly granted an easement of right of way as contained in a certain declaration which had been executed and recorded in the year 1931, and the said declaration expressly established the easement as being over the strip about ten feet wide running along respondents' rear lot line but entirely within their properties "and no farther". Whether an implied easement was granted over the strip within the land which was appellant's depends on the intent of the parties to the grant out of the common owner. (See *Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136, 147–148, and *Matter of Brook Ave.*, 40 App. Div. 519, 522, affd. 161 N. Y. 622.) When the intent as to the extent of an easement is affirmatively evidenced by language in the grant (in the instant case the language of the declaration was incorporated into the grants) a contrary intent may not be implied. (*Antonopulos* v. *Postal Tel. Cable Co.*, 261 App. Div. 564, affd. 287 N. Y. 712.) When the language of the grant is certain and unambiguous, as here, it alone may be considered in determining the true intent of the parties to the grant, to the exclusion of the circumstances surrounding the conveyance and the situation of the parties. (*Herman* v. *Roberts,* 119 N. Y. 37, 42–43.) This principle has been applied to defeat claims of implied easements of necessity in cases involving poles carrying electric cable (*Antonopulos* v. *Postal Tel. Cable Co., supra*), stairways (*Georke Co.* v. *Wadsworth,* 73 N. J. Eq. 448; *Karason Co.* v. *Anglo-American Leather Co.,* 136 N. J. Eq. 344), a sidewalk (*Simonson* v. *Goldberg,* 338 Ill. 420), a road (*Monroe* v. *Shrake,* 376 Ill. 253), and, as here, an automobile driveway between a garage at the rear of a dwelling and the abutting street (*Joyce* v. *Devaney,* 322 Mass. 544). (See, also, 3 Tiffany on Law of Real Property [3d ed.], § 793, p. 290, and 28 C. J. S., Easements, § 30, p. 687.) Further, no easement by way of necessity may be implied unless the claimed necessity is real and reasonable, and not merely a matter of convenience. (*Heyman* v. *Biggs,* 223 N. Y. 118, 125–126; *Paine* v. *Chandler,* 134 N. Y. 385, 389; *Wells* v. *Garbutt,* 132 N. Y. 430; *Simmons* v. *Cloonan,* 81 N. Y. 557, 566; *Derrico* v. *Ciccolella,* 251 App. Div. 746.) The burden of establishing the necessity is upon the party who claims it. (*Smith* v. *New York Central R. R. Co.*, 235 App. Div. 262, 267.) In our opinion, the burden was not met by respondents. The undisputed evidence established that, by relocation of the garages closer to the dwellings or by alteration of the garages in their present locations, ample space could be afforded between the garages and respondents' rear lot line to permit automobiles to be turned into and out of the garages, all within respondents' own lots. The fact that such relocation or alteration would entail monetary expendi-

ture or result in diminution in value of respondents' properties is irrelevant. Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: In my opinion, the express easement contained in the Declaration of Right of Way, dated May 1, 1931, had nothing whatever to do with the implied easement of necessity on the basis of which respondents were granted judgment. The 1931 express easement referred to a right of way by each of the respondents against the other, so that each could go north and south from 111th Avenue to his garage. The easement which forms the basis of the judgment is one by each respondent as against appellant, when each respondent backs his car out of his garage in a westerly direction. The trial court found that respondents made out a case of reasonable necessity. That finding is amply sustained by the evidence. There is no proof that the reconstruction of the garages to obviate the necessity of encroaching on appellant's property is merely minor or that it could be accomplished by the expenditure of a nominal sum. [206 Misc. 324.]