Matthew M. Levy, J.
It is axiomatic that, upon a trial, “ [a] party must recover not only according to his proofs, but according to his pleadings ” (Chin v. Fletcher, 21 Misc 2d 421). And this rule applies as well to a plaintiff who, on motion, seeks summary judgment in his favor striking the answer (Strauss v. Kende Galleries, 203 Misc. 941; Progressive Credit Union v. Mount Vernon Wiping Cloth Corp., 5 A D 2d 166). The present is not an action based on the original loan or the original note, and therefore I need not consider whether in such a suit, plan tiff would be entitled to summary relief. Of course, the background may be relevant in seeking to ascertain whether the plaintiff has set forth such evidentiary facts as shall establish the cause of action sufficiently to entitle plaintiff to judgment, or whether defendants has presented material issues of fact sufficient to entitle him to defend. But plaintiff claims here upon an alleged substitute note, and, in consequence, he must stand or fall on the cause as he has pleaded it.
As to the liability of defendants on the note sued upon, they admit that the instrument was signed and indorsed by them respectively, but they assert that the document was delivered to the attorney in escrow subject to the condition precedent (agreed to by the parties or their representatives) that certain changes would be made therein, as to the basis upon which interest was to be paid, before the note would be delivered to the client and thus become effective. Plaintiff hotly denies the agreement as to interest or that delivery was subject to the condition alleged. Whether there was an agreement that the note as drawn and signed would not become effective until a change was made in respect of the interest is a sharply disputed question of fact. Nor can it now be held that the arrangement envisaged a condition subsequent — which, it is said, as a matter of law, would not be provable — as distinguished from a condition precedent. That issue of fact too, must await full airing at a trial. Plaintiff relies also upon the fact that some payments were made to him through the bank account of defendant Troy in support of the inference that defendants must have known on what amounts weekly interest was to be computed. Definitely, knowledge has not been shown in respect of all defendants. And no proof has been presented as to any of them that the monthly bank statements were studied or *545 adequate enough to give all the needed information. Such payments do not ipso facto nullify defendants’ assertion that the claimed arrangement as to interest payments was in fact made and was to be physically effectuated as a condition precedent to the document becoming an effective instrument..
Who is telling the truth in this controversy — one lawyer or the other, one litigant or the other — is not for me, on a motion for summary judgment, to seek to determine. That is an issue that must be resolved upon the trial. Accordingly, the motion is denied. Of course, this disposition is without prejudice to so much of the application as seeks judgment against those defendants who have defaulted in appearing or answering and to a severance in that regard, and to plaintiff’s proceeding against them as he may be advised. Settle order.