Matthew M. Levy, J.
The plaintiffs move for summary judgment against the defendant Louis Weiss. The first cause of action is brought to recover $12,000 brokerage commissions alleged to have been earned by the plaintiffs, pursuant to agreement. The other counts join as a defendant the ultimate purchaser of the subject realty, and are not here involved.
The motion is based on the first cause of action contained in the complaint and asserted against the defendant owners and the defendant Louis Weiss. It is grounded on a letter dated June 12, 1961, addressed to plaintiff corporation, and signed by the defendant Louis Weiss, reading as follows: “ I hereby give you the exclusive right to sell my property at 247-249 West 30th Street, New York, N. Y. for a period of two weeks of the above date for a price of $100,000 cash above the existing mortgages.” Weiss is a real estate broker, and is alleged by the plaintiffs to be the owners’ agent. Weiss disputes any authority as broker to grant an exclusive agency.
Whatever may be the merits of the matter as the facts will be unfolded upon the trial, it is plain that issues have been presented on this motion which cannot be summarily resolved *1070 by wav of affidavit (Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233).
Particularly worthy of note is the manner in which the plaintiffs have presented their case. Much of what they rely upon is set forth by way of reply to the defendant’s answering-affidavit. It would seem to me that on a motion for summary judgment the submission by a plaintiff of a reply affidavit containing an abundance of new substantive assertions demonstrates— on its own — the need for trial. Certainly, that is generally so.
And that rule is specifically applicable here. The writing-sued upon does not make provision for payment of commissions or the amount thereof. By reply, the plaintiffs allege that the agreement as to compensation was oral. That assertion — made as it was by way of reply — must be deemed to be denied on this motion.
Whether, as claimed by the plaintiffs, the defendant signed the writing sued upon as a principal must remain — in view of his denial and his assertion of disclosure of his status as broker and of his actual principals — for the trial to resolve. The plaintiffs further assert that Weiss represented that he was the owner. This, as I have said, is denied by Weiss. Moreover, from the earlier letter (dated June 7, 1961), submitted as part of the reply affidavit, it appears that the plaintiffs may well have had reason to know that Weiss was not an owner, and, if so, there was not the needed justified reliance upon such alleged representation. (Mitler v. Friedeberg, 32 Misc 2d 78, 88.)
Furthermore, the plaintiffs’ cause is not based on such representation or on misrepresentation of agency — and, on a motion by a plaintiff for summary judgment, the plaintiff, as protagonist, must stand or fall upon the complaint as he has pleaded it (Strauss v. Kende Galleries, 203 Misc. 941, 943-944).
The motion must be and it is denied.