Morris E. Spector, J.
Defendant Siegel moves for dismissal of the amended complaint. Only the second cause of action is asserted against him and by it plaintiffs seek the recovery of damage resulting from conspiracy to deprive them of commissions. [See, also, 34 Misc 2d 1069.]
The defendant Siegel was the ultimate purchaser, the defendant Weiss is another broker, and the remaining defendants were the owners. It is alleged that on June 12, 1961, the defendant' owners granted to the plaintiffs an exclusive sales agreement for a period of two weeks from that date, for a price of $100,000 cash above the existing mortgages, and the owners agreed to make payment to the plaintiffs of commissions in the sum of $12,000 in the event of a sale to a purchaser procured by the plaintiffs. Plaintiffs brought the proposition to the attention of the defendant Siegel and continued to negotiate with him and advised him of the existence of the exclusive sales agreement. It is further alleged that the defendants, with the knowledge that the plaintiffs were such brokers and were negotiating with the defendant owners and the defendant Siegel as proposed purchaser, and that plaintiffs would become entitled to commissions, entered into a conspiracy to defraud the plaintiffs and to deprive them of their opportunity and ability to complete the negotiations and in such conspiracy the defendant Weiss was interposed as and did act as broker.
*1099 Pursuant to the conspiracy, the defendant Siegel, it is alleged, falsely advised the plaintiffs that he was no longer interested in purchasing the premises but nevertheless continued to negotiate in the purchase directly with the defendant Weiss, acting as broker and as agent for the defendant owners. As part of the conspiracy the defendant Siegel agreed to pay to the defendant Weiss the sum of $5,000 if the defendant Weiss would obtain the consent of the defendant owners to make the sale to Siegel directly and to eliminate the commissions which would become due to the plaintiffs. Accordingly, on June 23, 1961, the owners made a contract with Siegel for the sale of the property to him at the price of $90,000 above existing mortgages, by reason of which, as alleged, there was appropriation to the defendants, or some of them, of the commissions which otherwise would have been earned and payable to the plaintiffs.
It is further alleged upon information and belief that plaintiffs would have been successful in their negotiations with the defendant owners within the period provided had not the defendants by their acts prevented continuation of such negotiations, particularly since the terms of the sale to the defendant Siegel were substantially similar to offers of proposed purchasers submitted by the plaintiffs to the defendant owners and which they had under consideration. Finally, defendant Weiss, acting as broker was retained by the defendant Siegel with the knowledge and consent of the other defendants, as a method of appropriating to the defendants the commissions otherwise payable to the plaintiffs, and defendant Siegel did pay to the defendant Weiss as broker the sum of $5,000. In connection with such payment, agreement was made as alleged, providing for reimbursement to Siegel in the event he should be compelled to make any payment to the plaintiffs as the result of such sale and the agreement between the plaintiffs and the defendant owners.
While, as the defendant urges, the action may not lie in conspiracy against the defendant owners, the contention that he remains the sole defendant liable on the second cause is without merit since, as alleged, the defendant Siegel conspired not only with the owners but with the defendant Weiss as the other broker. When the original complaint was dismissed, the court stated: “ There is no allegation of any wrongful act producing any legal damage.” The first amended complaint was also dismissed, the court stating that the defect found to exist in the original complaint had not been cured. The defect has now been cured by reason of the allegations of wrongful representation by the defendant Siegel, other offerings of $90,000, the elimination of plaintiffs’ commissions by the interposition of Weiss as *1100 a broker, and the provision for indemnity. As stated in Horn v. Isbrandtsen Co. (4 A D 2d 855): “ The complaint sufficiently alleges and the plaintiff should be given an opportunity to prove that he would have completed the negotiations and sale had not the defendants prevented him from doing so by their tortious conduct.” And this is particularly so by reason of the alleged circumstances under which the plaintiffs had terminated their activities (Williams & Co. v. Collins, Tuttle & Co., 6 A D 2d 302).
The allegations are sufficient, if proved, to impose liability for conspiracy to deprive the plaintiffs of commissions (Schulman v. Royal Ind. Bank, 280 App. Div. 401). The motion is denied.