Matthew M. Levy, J.
The plaintiff is a foreign corporation doing business in this State. It has instituted this suit on a promissory note, and has moved for summary judgment in its favor. The defendant does not oppose the plaintiff’s motion on the merits. Its challenge is based upon the failure of the plaintiff to allege the obtaining of a certificate of authority to do business here, under section 1312 of the Business Corporation Law, and upon the failure of the plaintiff to allege any of the credits due the defendant on account of payments already made.
No complaint has been served and, of course, there has been no answer thereto. The plaintiff’s motion for summary judgment is made in pursuance of CPLR 3213 which provides: “ When an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint, returnable at least twenty days after .service. If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.”
Subdivision (a) of section 1312 of the New York Business Corporation Law provides: “A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state ”,
*613 The plaintiff’s initial moving papers do, indeed, fail to allege such authority and nonpayment, but the reply affidavit of the plaintiff more than adequately supplies the data in respect of these omissions. The defendant now recognizes that there is and has been on record a certificate of authority which has not been revoked or rescinded, and further that no payments had been made on the note sued upon, and that no credits are due the defendant.
Pressing with greater vigor its first objection than its second, the defendant points out quite correctly that it is an essential allegation in a complaint which sets forth that a foreign corporate plaintiff is doing business in this State that a certificate of authority has been duly obtained in compliance with the requirements of the statute, and that unless on the face of the complaint such plaintiff’s requisite legal capacity to sue is pleaded, it is defective and must be dismissed for failure to allege facts sufficient to constitute a cause of action (Wood & Selick v. Ball, 190 N. Y. 217). The defendant then argues that, by commencing its action by way of a notice of motion ‘ ‘ in lieu of a complaint,” the plaintiff cannot circumvent these requirements of law, legislative and judicial, and that when this omission of allegation as to capacity appears (as here) on the face of such supporting papers, there can be no correction by way of reply — that is to say, that the plaintiff is bound by what it presented or failed to submit in its “ supporting papers in lieu of a complaint ” (CPLR 3213).
I am not unaware that, under the Civil Practice Act, it has been held that “ if a plaintiff moves for summary judgment, he must allege a sufficient cause of action [in his complaint] if the motion is to be granted” (Progressive Credit Union v. Mount Vernon Wiping Cloth Corp., 5 A D 2d 166,167, citing cases; see, also, Levins v. Troy Assoc., 21 Misc 2d 543, 544, affd. 10 A D 2d 560; Robert P. Sheldon, Inc. v. Weiss, 34 Misc 2d 1069,1070), and that the facts set forth in the moving affidavit “ must prove the cause of action stated in the complaint to be true. It is not enough to show that there might be a liability of the defendant to the plaintiff on other facts different from those alleged ” in the complaint (Hallgarten v. Wolkenstein, 204 App. Div. 487, 490-491).
I have had occasion — over 12 years ago — to express my view that this strict rule should be legislatively changed. And what I had hoped for in this respect, as expressed in Strauss v. Kende Galleries (203 Misc. 941, 943-944) has, I think, come to pass by the recent adoption of the CPLR.
*614 CPLR 3213 is a new section intended ‘1 to provide a speedy and effective means of securing a judgment on claims presumptively meritorious ” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.01). Whether the application for summary judgment is made under CPLR 3212 or 3213, the function of the court is to deal with genuine issues and to strive to reach the real substance of the facts. The motion is not addressed to or dependent upon the sufficiency of a formal pleading, but as to whether there exist material issues of fact which can be resolved only at the trial (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93).
Effective as of September 1, 1963, the Legislature has established the following principle of construction: “ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding ” (CPLR 104).
Because it is so apropos, I shall undertake to paraphrase an expression in the opinion of Judge Cardozo in the landmark 1925 case of Curry v. Mackenzie (239 N. Y. 267, 272) in the light of what I conceive to be the philosophy of the legislative enactment, nearly four decades later, as to summary judgment: The initial affidavits in lieu of the complaint “ in that regard [to the omissions hereafter pointed out, are], it is true, defective * * *. The facts, however, have now been shown, and the [substitute complaint], though imperfect, may be amended at the trial or sooner. Technical defects in the pleading of an adversary are not available to a [party] upon an application under this rule for the entry of summary judgment. * * * The remedy is to be administered in furtherance of justice ”.
The party seeking summary judgment has the burden to produce evidence as upon a trial. The plaintiff has demonstrated facts to entitle it to summary judgment, and the defendant raises no triable issue. This is peculiarly clear in the case at bar when we examine more thoroughly the statute upon which the defendant itself relies. Section 1312 of the New York Business Corporation Law does not provide that a foreign corporation doing business in this State without authority may not “ commence ” an action here, or that such an action, if instituted, shall be forthwith dismissed. The provision is that such a plaintiff may not ‘ ‘ maintain ’ ’ an action in this State, and that is so “ unless and until such corporation has been [so] authorized * * * and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority”. Thus, it would seem that, upon receipt of such authority and upon payment of such sums, an action previously commenced may be maintained.
*615 There appears to be no New York authority on the subject. At least, none has been cited by counsel — who did not raise the point in any event — and none has been found by me. It has been stated in a legal periodical, in commenting upon section 218 of the New York General Corporation Law (from which section 1312 of the New York Business Corporation Law is derived), that it is one of a group of ‘ ‘ Statutes which bar the commencement or maintenance of actions on contracts made by unauthorized foreign corporations ” (30 Fordham L. Rev. 331, 336 [emphasis added]), pinpointing the very difference to which I have made reference. In another periodical, a note is contained entitled “ Sanctions for Failure to Comply with Corporate Qualification Statutes: An Evaluation” (63 Col. L. Rev. 117, 128-129). It is there stated that: “ Although some statutes expressly provide that compliance must occur before suit is begun, many statutes are ambiguous; it is often unclear whether a corporation must qualify before instituting suit or only need comply in order to continue the action.” And a significant footnote (76) reads as follows: ‘ Since the statutes most commonly are phrased in terms such as ‘ no action may be maintained or recovery had, e.g., Fla. Stat, Ann. § 613.04 (1956); Ind. Ann. Stat. § 25-314 (1960); Minn. Stat. Ann. § 303.20 (1945), many courts have relied on the difference between the word ‘ maintained ’ and other possible words such as institute ’ or * begin ’ in order to allow a foreign corporation to start a suit before it complies. See, e.g., Emcee Corp. v. George, 293 Ill. App. 240, 12 N. E. 2d 333 (1938); National Fertilizer Co. v. Fall River Five Cents Sav. Bank, 196 Mass. 458, 82 N. E. 671 (1907); New England Die Co. v. General Prods. Co., 168 A. 2d 150 (R. I. Sup. Ct. 1961). But see Ammann v. St. Joe Paper Co., 341 S. W. 2d 700 (Tex. Civ. App. 1960); Kelley, Glover & Vale, Inc. v. Kramer, 198 F. 2d 392, 394-95 (7th Cir.) (dictum), cert, denied, 344 U. S. 914 (1952) (applying Indiana law). When the corporation may begin suit is important, of course, because of the possibility that delay may bar the suit by virtue of a statute of limitations.”
If I am correct in my view that “ maintain” should not be narrowly construed to mean 1 ‘ commence ’ ’, it is a fortiori obvious that, if it be shown, as here, that the foreign corporation doing business in this State had the requisite authority before the institution of suit, it may continue to maintain the action and invoke the remedies of the law provided for its prosecution or conclusion. (Western Felt Works v. Modern Carpet Cleaning & Stor. Corp., 141 Misc. 495.)
The motion of the plaintiff for summary judgment is granted. Settle order.