Charles B. Brasser, J.
On March 20, 1963, Lucia Giuffrida, now Lucia Talley, and Robert Giuffrida, then husband and wife, gave their promissory note to Central Trust Company, Rochester, N. Y. in the sum of $2,228.40 to be paid in 36 monthly installments of $61.90 each. The makers having defaulted in payments, Central Trust declared the balance immediately due and payable, pursuant to the terms of the note, and commenced an action against the makers by serving a summons and complaint upon the defendant Lucia Giuffrida on April 23, 1964, to which the defendant answered. Defendant commenced a third-party action against the defendant Robert Giuffrida on July 17,1964, to which the third-party defendant answered.
On August 12, 1964 plaintiff Central Trust was granted a summary judgment against the defendant Lucia Giuffrida, now Talley.
In Special Term on August 12,1964, defendant Lucia Giuffrida moved for summary judgment against the third-party defendant, and this motion was discontinued.
Under date of September 3, 1964, Robert Giuffrida and Lucia Talley, formerly Giuffrida, entered into an amended separation agreement, modifying the separation agreement previously made by the parties. This amended agreement was executed by the parties in October, 1964 and provided in paragraph 4 as follows: ‘ ‘ The said Robert T. Giuffrida does herein covenant and agree that he will, forthwith, make any and all necessary arrangements for the payment of the moneys and account due and owing by the parties herein to the Central Trust Company of the City of Rochester, New York and that he shall assume and does herein assume full financial responsibility for the payment of such account and shall, in all respects, save and hold harmless the said Lucia Talley from the payment of any obligations arising out of the moneys borrowed by the parties herein upon which the pending action in Supreme Court by the Central Trust Company against the parties herein is predicated.”
Third-party plaintiff moves again for summary judgment, relying primarily upon said paragraph 4 as a complete assumption by third-party defendant of any amount due and owing Central Trust and a covenant to save harmless Lucia Talley from *694 any payment to Central Trust by reason of moneys borrowed by the parties to the amended agreement, upon which the action brought by Central Trust is predicated.
CPLR 3212, providing for motions for summary judgment, makes no change in former rules 113 and 114 of the Civil Practice Act, except for the provisions that the rule shall be applicable .in all except marital actions and the addition of subdivisions (f) and (g). (10 Standard Civ. Prac. Serv. p. 3.)
This rule (CPLR 3212) provides among other things that a motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions.
The problem here is whether or not proof of the subsequent agreement is competent and relevant on this motion when the agreement involves facts subsequent to the commencement of the third-party action.
Facts similar to those herein were before Mr. Justice Levy • in Strauss v. Kende Galleries (203 Misc. 941) on a motion for summary judgment made by plaintiff. The court found that subsequent facts constituted a substantial variance between plaintiff’s pleading and his supporting affidavits; that the very crux of the motion is an agreement entered into after suit; that it is not enough to show that there might be a liability of the defendant to the plaintiff on other facts different from those alleged in the complaint, citing Hallgarten v. Wolkenstein (204 App. Div. 487, 490-491); Ellison v. Republic Mfg. Corp. (251 App. Div. 746); Burgin v. Ryan (238 App. Div. 122, 123); Maxrice Realty Corp. v. B G Sandwich Shops (239 App. Div. 472, 474); Wise v. Powell (216 App. Div. 618, 619).
The Strauss case was cited in Oxford Paper Co. v. S. M. Liquidation Co. (45 Misc 2d 612), decided after CPLR 3212 became effective. Although the Oxford ease liberalized to some degree the rule laid down in Strauss, it did not extend the unconditional right to summary judgment to include facts post litem.
It is to be noted that regarding the amended separation agreement, defendant in his answering affidavits conceded that a true copy thereof was attached to the notice of motion herein. This is a conceded fact. However, an acknowledgment thereof does not deprive defendant of his defenses thereto.
• The pleadings, affidavits and exhibits submitted on this motion disclose that there are issues relative to the note, aside from the subsequently executed agreement, which include whether or not the makers signed as cosigners or" as accommodation makers, who received the proceeds of the note, and what was done with the proceeds.
*695 In view of the authorities cited I conclude that the motion should be denied, without prejudice to third-party plaintiff to obtain leave to serve a supplemental complaint, setting forth the subsequent amended agreement as a new cause of action, and then to move for summary judgment as she may be advised.